STATE TO USE OF THOMAS ET AL *v*. WRAY, CHANCERY
CLERK ET AL.

[78 South. 360, Division B.]

1. TAXATION. *Expiration of time for redemption. Who entitled to notice.*

Under Code 1906, section 4333 (Hemingway's Code, section 6967), requiring the clerk of the chancery court to give notice to the owner of the expiration of the time for redemption of land sold for taxes, the clerk must give notice to the owner of the land, if he be a resident of this state and his address is known to said clerk and it is immaterial to whom the land is assessed, except that it is presumed that the person assessed is the owner.

2. CHANCERY CLERK. *Tax sale. Time for redemption. Notice. Knowledge of ownership. Question for jury.*

In a suit against the chancery clerk for damages for failure to give the notice required by Code 1906, section 4333 (Hemingway's Code, section 6967), of the expiration of the time for redemption of land sold for taxes, where it appeared that the assessed owner was dead, but her will was being probated in his office, the clerk must affirmatively show that he did not know the facts as to ownership shown by the will and in such case the question as to knowledge of such ownership by the clerk was a question for the jury.

APPEAL from the circuit court of Bolivar county.
HON. W. A. ALCORN, Jr., Judge.

Suit by the state, for the use of J. B. Thomas and other heirs of Mrs. S. A. Shell, deceased, against E. H. Wray, Chancery Clerk, and the sureties on his official bond for damages for failure to give notice of expiration of time for redemption of land sold for taxes. From a judgment for defendants, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*D. A. Scott & Yerger,* for appellant.

Section 4333 in the Code of Mississippi, 1906, is as follows: 4333. List of lands sold to individuals. The collector shall also make a list of lands sold to individuals, in the same manner as required of lands sold to the state, which he shall file with the clerk of the chancery court, who shall record the same in a book to be kept for that purpose; and the clerk of the chancery court shall, within ninety days and not less than sixty days prior to the expiration of the time of redemption, if the owner of the land sold, either to individuals or to the state, be a resident of this state and the address known to said clerk, be required to issue notice to such owner.

And if said owner be nonresident and his post-office address be known, or can be ascertained after diligent inquiry, the chancery clerk shall mail to him a copy of the above required notice and note the mailing thereof upon said list, for which he shall be allowed fifty cents, and the sheriff shall be required to serve such personal notice as summons issued from the court are served, and make his return to the chancery clerk.

Under this section the chancery clerk, if he failes to perform his duty in issuing a notice required thereby, is liable to the party injured by such default in the penal sum of twenty-five dollars besides the actual damage sustained. There is no question here as to the amount of the damage sustained. The warrantors, when notified by the purchasers from them of the land in question, that the land had been sold for taxes and that a tax title had been acquired by other parties, were liable for whatever amount it became necessary to expend to acquire this title and thus perfect the title of the land sold by them.

It is true as appears from the evidence, Mrs. Shell, to whom the land was assessed, was dead both at the time the land was sold for taxes and at the time the

notices should have been issued by the chancery court clerk; however her death did not relieve the chancery court clerk from his duty to issue notices. Had he performed his duty. It is doubtless true that her children would have received notice of taxes that they would have thereupon taken immediate steps to redeem the land. The chancery court clerk had notice of Mrs. Shell's address or rather former address, as he had for several years previous to the time of her death mailed tax receipts to her at West, Mississippi. He also had or should have had knowledge that she had died and that an executor had been appointed for her estate living within his county as the will was filed of record in his own office at Cleveland, and was a matter of public record. The real question is, is this man relieved of liability for the damage resulting from his wanton negligence because of the death of the person to whom the land was assessed? We answer this, No.

We find only one case from the supreme court of Mississippi construing this statute, that of *McClenden* v. *Whitten,* in 95 Mississippi, page 124; the facts in the case are these: A certain tract of land assessed to Mitchell & McClenden, a firm engaged in mercantile business in Tallahatchee county, was sold for taxes on the 1st Monday of March, 1905. At the date of the sale and upon the 3rd day of December, 1907, Whitten, appellee, was chancery clerk of the county, though the property was assessed to and sold as the property of Mitchell & McClenden; the tax title was allowed to mature without the chancery clerk giving notice as required by section 4333, Code of 1906. Though it is agreed that one Marshall, deputy clerk of Whitten, gave to Mitchell & McClenden verbal notice of the sale at sometime during the year 1906, the date of this verbal notice not being given, and at the time he gave this verbal notice, it is agreed that he was looking after the business interests of the firm; it was also agreed as to the amount of damage sustained, and that Mc-

Clenden would have redeemed the land, had he been notified. Suit was brought to recover from the clerk the amount of damage. The court below held the clerk not liable and dismissed the suit.

The case was reversed and remanded. This case seems to us to settle our proposition. This point was made for the clerk by his attorneys in their brief; that the record failed to show that he knew the address of Mitchell & McClenden, the tax title was allowed to chancery clerk knew or should have known the former address of Mrs. Shell to whom the land was assessed. In the case quoted Mitchell & McClenden had actual oral notice that the tax sale had taken place, and they themselves were guilty of· laches and negligence in failing to redeem the land thereafter.

Yet our supreme court holds that the clerk was liable to them for the damages sustained because of his failure to perform his official duties. As heretofore stated, this is the only authority we find on this section yet the statute is so plain, it seems to us it needs no authorities to construe it.

The Conclusion. In conclusion, we respectfully insist that the trial court erred and· erred gravely in taking this case away from the jury and deciding it peremptorily in favor of· the defendant. There is no question as to the dereliction of the clerk. He failed entirely to send out notices that year. The only question then is as to whether or not George D. Thomas and John B. Thomas sustained the damage claimed by them, and it is a question of fact which should have been left to the jury to decide. We believe the case should be and will be reversed, decided by this court as to the liability of the clerk, and remanded for further hearing for a jury to decide the question of the amount of damage.

*Owen & Roberts,* for appellee.

The penalty of twenty-five dollars sued for was barred by the statute of limitations at the time of the commencement of suit and unquestionably that could not be recovered, as decided by this court in *McClenden* v. *Whitten,* 95 Miss. 124, which holds that this is a penalty, and under section 3101 of the Code, a penalty cannot be recovered after one year. Section 4333 of the Code has been construed by this court in *McClenden* v. *Whitten,* and on page 129, Justice MAYS has this to say:

"It is not pretended that the clerk attempted any sort of compliance with the requirements of this statute. Of course it was not necessary for the clerk to make an investigation of the records to find out who, in truth, was the real owner of the property; but he was only required to notify the persons assessed with the property at the time of its sale."

The section then has already been construed by this court, and it is plain, that it is not the clerk's duty to make an abstract of title to find out who the real owners are, and then give the notice required by the section to each of the owners.

In the instant case, when Mrs. Shell died, the property was inherited as shown by the record, by her children. If the clerk had undertaken to give notice to the children, and had left out one child, that one child could have come in and brought suit on the bond for failure to notify him. So that this court, in construing that section has defined the duties of the clerk to be to give the notice to the parties, "assessed with the property at the time of its sale." This being his duty would his failure to perform that duty cause the damage complained of by the declaration. It is too well settled to need citation of authorities that a party may be negligent, and that if his negligence does not cause the injury, there can be no recovery. The damage

complained of must be occasioned by the failure of the party complained of to perform the duty which the law imposes upon him. An officer may fail to perform the duty under this section, and if the failure to perform the duty does not result in damage, then no recovery can be had. Now let us see if the clerk had performed his duty literally as required by the statute, if it would have prevented the injury complained of.

First. Let us assume that the clerk knew that Mrs. Shell, the party to whom the land was assessed at the time of the sale, was dead. Does the law require the clerk to issue notices to be served on persons whom he knows to be dead? This would be a foolish requirement, which no court would hold that the clerk was required to do.

Assuming then that he did not know she was dead, but knew, or could have found out, that her residence was at West, Holmes County, Mississippi, and, had issued the notice required by law to the sheriff of Holmes County. The sheriff of that county would unquestionably have been compelled to return the process "not found in my county" or "that the party required to be notified, is dead." Under no circumstances would he have been required or would he have served the notice on any of the children of Mrs. Shell, and the plaintiffs in this case would have had no more notice had the clerk performed his duty than they would when he sent out no notices at all.

The plain proposition as asserted by them, and undoubtedly the proposition under which their attorneys proceeded at the time of the filing of this suit, is: That the clerk was required to give them, as the heirs at law of Mrs. Shell, the notices required by section 4333 of the Code of 1906, while this court has held in *McClenden v. Whitten, supra,* that the clerk is only required to notify the persons assessed with the property at the time of the sale. We think that the suit was instituted under a misconception of the clerk's duties under the statute,

but if it was not, then the failure of the clerk to perform that duty could not have caused the damage because if he is required to issue notices to a person who is dead, that notice could not have been served and hence no damage resulted from the negligence of the clerk.

ETHRIDGE, J., delivered the opinion of the court.

J. B. Thomas and others, heirs at law of Mrs. S. A. Shell, brought suit against E. H. Wray, chancery clerk, and the surety on his official bond for damages for failure to give notice within ninety days, and not less than sixty days, before the expiration of the time for redemption of land sold for taxes. Mrs. Shell died in May, 1910, seised and possessed of certain real estate in Bolivar county, which, under her will, went to four children equally. The lands were assessed to her that year for taxes, and were sold the following year for the taxes of 1910. There was no notice issued by the chancery clerk, as required by section 4333, Code 1906 (section 6967, Hemingway's Code), giving notice of the expiration of the period for redemption. Prior to the expiration of this time, the heirs had sold the lands in question, and, the two-year period for redemption having expired, the heirs of Mrs. Shell incurred four hundred dollars expense in buying the outstanding tax claim, and brought suit against the chancery clerk for failure to issue the notice required by this statute.

The plaintiffs showed that Mrs. Shell in her lifetime lived at West, Miss., with her daughter, Mrs. Holmes, and that prior to the death of Mrs. Shell, Mr. Wray, who was then sheriff, had had some correspondence with Mrs. Shell, and had sent her tax receipt to her post office address at West, Miss. After the death of Mrs. Shell her will was probated in Bolivar county in the office of the chancery clerk, and the executor under the

will lived in Bolivar county. There was no pretense that any notice was issued at all to any one. The defendant at the conclusion of plaintiffs' testimony, moved for a peremptory instruction on the theory that Mrs. Shell was dead, and that the land was assessed to her on the assessment roll, and that there was no person in existence to whom the clerk was required to give notice.

It is the theory of the appellees that the statute only requires notice to be given to the party to whom the land is assessed,·and that the statute is a penal statute, and will be strictly construed—relying upon *McClenden* v. *Whitten,* 95 Miss. 124, 48 So. 964, where the court uses language as follows:

"Of course, it was not necessary for the clerk to make an investigation· of the records ·to find out who, in truth, was the real owner of the property, but he was only required to notify the person assessed with the property at the time of its sale."

The court below granted the peremptory instruction on· the theory that this case construes the statute as only requiring notice to be given to the person to whom the land was assessed, and that the statute was penal in its provisions, and would not be extended beyond its letter.

The case referred to was proper under the facts, and it is not necessary for the clerk to make an abstract ·of the record in order to see who is the owner. The language of the statute, in part, is as follows:

"And the clerk of the chancery court shall, within ninety days and not less than sixty days prior to the expiration of the time of redemption, if the owner of the land sold, either to individuals or to the state, be a resident of this state and the address known. to said clerk, be required to issue notice to such owner, in effect following, to wit," etc.

It will be noticed that this language charges the clerk with the duty of giving the notice to the owner of the land, if he be a resident of this state and his address is

known to the said clerk. If the clerk knows the owner and his address, he is required by the language of the statute to give the notice. The statute does not say to give the notice to the person to whom it is assessed. Such person, of course, will be presumed to be the owner, and the clerk would send the notice to such person, unless the clerk knew that another person was the owner at the time and knew the address of such owner. In the present case the clerk did not issue notice either to Mrs. Shell or to her executor, or to any of her heirs. The will of Mrs. Shell was probated in the clerk's office, and it appears that he knew Mrs. Shell's address, and it does not appear that he did not know that the will was probated in his office, and if he knew her will was probated in the office, the will showed who the executor or representative was, and it appears that the executor was a resident of Bolivar county. The clerk does not show that he did not know that Mrs. Shell was dead, and does not show that he did not know that her executor lived in the county, or that the will was probated in his office. We think it was error for the court to give the peremptory instruction, and that the statute was given too strict a construction in this case. It narrowed the statute beyond its language.

The proof in the case would warrant the jury in believing the clerk knew the address of Mrs. Shell, and would warrant the jury in believing the clerk knew that her will was probated in his office and was in his custody. If he did not know these facts, it was knowledge peculiarly within his breast, which he must affirmatively show. The judgment of the court below is accordingly reversed, and the cause remanded.

*Reversed and remanded.*