ROEBUCK *v.* BAILEY *et al.*

(Division B.   May 4, 1936.)

[166 So. 358.   No. 32235.]

**J. O. Walton, S. T. Roebuck** and **A. B. Amis, Jr.,** all of Newton, for appellant.

**Jeff Kent,** of Forrest, and **Green, Green & Jackson,** for appellees.

**Ethridge, P. J.**, delivered the opinion of the court.

The Bank of Union, through S. T. Roebuck, receiver, filed suit in the chancery court of Newton county to set aside a tax sale, so far as the interest of the bank was concerned, of certain lands belonging to J. F. Bailey and embraced in a deed of trust in favor of the Bank of Union in which C. E. Johnson was the trustee, executed February 6, 1926, and acknowledged the same day. The acknowledgment shows on its face that it was taken in Newton county before W. R. Rivers, notary public, but the agreed statement of facts shows that the deed of trust was acknowledged in the Great Southern Hotel in Meridian, Lauderdale county, and recorded in Newton county, Miss. The notes securing the deed of trust were extended, and the date of their maturity was marked on the margin of the record and attested by the chancery clerk.

In 1929, said J. F. Bailey, the owner of the land, failed to pay the taxes thereon, and the land was sold on August 4, 1930, under a notice postponing the tax sale for that year, and fixing a new date therefor. The land was not redeemed from said tax sale within the two-year period provided by law by J. F. Bailey, or the Bank of Union, and the chancery clerk failed to serve notice to the lienors as required by sections 3261, 3262, Code 1930. At the tax sale, R. C. Kent became the purchaser, and on the expiration of two years, the land not being redeemed, the deeds made by the tax collector were delivered to R. C. Kent, who thereafter conveyed the land to Jeff Kent, who, in turn, conveyed it, by warranty deed, to J. S. Luke. The tax collector, in making the list of lands sold for taxes on August 4th, did not sign such list and certify to same as required by the statute.

The bill of complaint filed by the receiver of the bank prayed for an accounting showing the amount Bailey owed the bank; that the deed of trust be foreclosed, and that the claims of J. S. Luke, R. C. Kent and Jeff Kent

be canceled so far as the rights of the bank were concerned, and for general relief. The complainants offered to do equity and alleged a readiness to perform all acts necessary under the facts stated in the bill of complaint.

On the hearing, the chancellor decreed that the clerk's failure to certify to the list, under section 3256, Code 1930, did not invalidate the sale, and that title passed thereby to the purchaser. He also held that the acknowledgment, having been taken in Lauderdale county, outside the jurisdiction of the notary public, Rivers, was void, and that the tax sale ripened in all parties interested in the lands, and dismissed the bill as to a portion of the lands, holding that the tax sale was void as to certain lands, because insufficiently described in the tax proceedings, and directed a foreclosure as to said lands insufficiently described in the tax proceedings. We think the chancellor was correct in holding that the acknowledgment taken before a notary public not acting within the county of his appointment was void as to bona fide purchasers. We are also of the opinion that the chancellor was correct in holding that the failure of the tax collector to sign and certify the tax list did not invalidate the tax sale. Section 3256, Code 1930, in part, reads as follows: "But a failure to transmit or record a list, or a defective list shall not affect or render the title void." Another part of the section provides that a list made in accordance therewith shall vest in the individual purchasers thereof a perfect title to the land sold for taxes, but without the right of possession, and subject to redemption, until title has ripened. Section 3254 provides that the tax collector shall deliver to the purchasers receipts showing to whom assessed, who the purchaser was, the amount paid, and the date of sale, such receipt to be evidence of the purchase of said land, and the state auditor to prescribe the form of such receipt.

Taking these provisions together, we are of the opinion that the list filed, although not properly certified to, with

the receipt to the purchaser, were sufficient evidence of the sale to vest title in the purchaser, subject to the right of redemption.

Section 3257, Code 1930, requires that the chancery clerk shall issue notice to owners of land within ninety days, and not less than sixty days, prior to the date of the expiration of the time of redemption, that such land was sold for taxes, and that such sale would become absolute unless redeemed within the statutory period. Section 3258, Code 1930, provides that if the clerk fails to perform the duties therein prescribed, it will not render the sale void, but that he shall be liable to the party injured in the penal sum of twenty-five dollars, besides the actual damages sustained. Section 3259, Code 1930, provides for the form of the notice to lienors, and section 3260 provides that the notice shall be mailed to the post office address of the lienors, if known, otherwise to the county site of said county. Section 3261, Code 1930, provides that the clerk shall enter upon the tax sale book a notation to the effect that the clerk has made and completed an examination for liens, giving the name and addresses, if known, of said lienors, the book and page where the liens are recorded, and the date of mailing, by registered mail notice to the lienors. If the clerk finds no liens of record, he shall certify on said tax sale book, signing his name thereto, and it is provided by section 3262 that the clerk shall be allowed a fee of two dollars and fifty cents for each lien found, said fees to be taxed against the owner of the land, if redeemed, and if not, then taxed as a part of the cost against the purchaser, and a failure to give the required notice to the lienors shall render the tax title void as to them only, and the clerk shall be liable, for such failure, to the purchaser at the tax sale in the penal sum of twenty-five dollars, in addition to the actual damage sustained.

It will be noted, from the statement of the case, that the deed of trust was regular in form, and was actually recorded by the chancery clerk. The law requires the

chancery clerk to make an index, both direct and reverse, of all deeds of trust, with the book and page where recorded, and the date when filed for record. The deed of trust in the case at bar being recorded in the office of the chancery clerk, and he being required to examine the record prior to the sale for taxes and to give notice to parties of any liens filed, the lien was not void. The deed of trust showed, on its face, that the Bank of Union was the lienor, and the lien was valid, although the acknowledgment to the deed of trust was not sufficient to give notice to bona fide purchasers. An acknowledgment is not essential to the validity of a lien. Woods v. Garnett, 72 Miss. 78, 16 So. 390, in which it was held that "one who purchases land after having seen on the records a prior instrument purporting to convey the same land, but not acknowledged or proved, . . . is not a bona fide purchaser without notice."

We think the chancellor placed too strict a construction upon the recording acts in the case at bar. The clerk was under duty to examine the records of his office to see if there had been any liens or sales, and to give notice thereof to all lienors, but he is not to pass his judgment upon the validity of such liens, if any. It appears here that the chancery clerk who was in office when the lien was recorded was also in office when required to give the notice as to redemption. There does not appear to have been any notation that he made this examination. It is the purpose of the statute that lienors are to be given notice of any tax sales, and we think the statute is not to be narrowly construed. It is to serve a good purpose, and should receive a liberal construction. State v. Wray, 117 Miss. 566, 78 So. 360. It is true the statute involved in the case of State v. Wray, supra, was not the same statute as in the case at bar, but it shows that statutes are not to receive a narrow construction.

The chancellor held that purchasers at tax sales are not purchasers for value without notice, and he correctly so held, because an examination of the tax records by

purchasers would show the time the tax titles would mature, and they would be charged with notice of this record.

We think the court was in error in holding that the clerk was under no duty to give notice, because of the defective acknowledgment. We do not now pass upon the effect of what such failure would be if the record showed, on its face, that the acknowledgment was void, but we think it a safe course to hold the clerk to the performance of his duty to give notice of what appeared on his record. Had the clerk failed to record the instrument when presented to him because of the defective acknowledgment, that might have protected him, but having recorded the instrument, and, presumably, done everything proper in the way of indexing, etc., he must be held to have known of liens existing, and in the absence of any such showing, to have made a notation that he had examined the records and did not find such liens. The judgment of the court below, therefore, must be reversed, and the tax sale be held void as to the Bank of Union and the receiver thereof, though valid as to Bailey.

The court should ascertain the amount due under the deed of trust, and direct its foreclosure by the trustee named therein, or a substituted trustee, charging the bank with the amount of taxes and damages under the statute, and giving the purchasers at the tax sale the option or privilege to pay off the indebtedness to the bank, should they so elect.

Reversed and remanded.