## LEAR *v.* HENDRIX.

(Division B.  April 10, 1939.  Suggestion of Error Overruled April 24, 1939.)

[187 So. 746.  No. 33645.]

Ruth Campbell, of Yazoo City, for appellant.

Campbell & Campbell, of Yazoo City, for appellee.

Briefs of Counsel not found.

**Anderson, J.,** delivered the opinion of the court.

Appellant Lear filed his bill in the chancery court of Yazoo County against appellee Mrs. Hendrix to cancel the latter's tax title to a lot in Yazoo City and to establish and have confirmed his claim of title thereto. The cause was heard on bill, answer, and proofs resulting in the decree prayed for in the bill. From that decree appellant prosecutes this appeal.

The charter of Yazoo City is not the Code chapter on municipalities (Chapter 50, Code of 1930), but a special charter of its own. However, certain provisions of the Code chapter are required to be read into the municipal charter and ordinances adopted in pursuance thereof. The principal questions involved in this case arise out of the construction of certain provisions of the two charters.

Appellant was the owner of the lot involved. It was delinquent for its 1931 municipal taxes. It was sold on the first Monday in March, 1932, for such taxes and purchased by Yazoo City. This was shown by the tax list made by the city clerk and filed in his office. The city tax collector did not immediately make a deed of conveyance to the city but delayed until March, 1935, and then made one. Thereafter on August 13, 1935, the city conveyed the property to appellee.

Appellant contends that the tax sale was void because the city tax collector did not immediately after the sale make a formal deed to the city and deposit the same with the city clerk to remain for two years as appellant claims was required by Section 617 of the city ordinances. The chancellor held, and we think correctly, that a formal deed of conveyance to the city was not required by law—that the lists of tax sales conveyed the title to the city. Section 2623 of the Code chapter on municipalitites provides:

"All the proceeding sections of this chapter shall apply to all municipalities operating under the common statutory charter for municipalities known as chapter 99, Mississippi Code 1906, or that may hereafter elect to come under the provisions of said preceding sections of this chapter.

"And all the preceding provisions of this chapter that are applicable, and are not by express provisions otherwise restricted, shall apply also to municipalities operating under private or special charters, or under a commission form of government, provided, however, that none of the preceeding sections of this chapter shall repeal any of the provisions of private or special charters."

Certain ordinances of the city provide as follows: Section 615: that the tax collector "shall execute conveyances to the purchasers". Section 617: that the tax collector shall make deeds to the purchasers duly acknowledged and deposit the same with the city clerk, there to remain for two years from the date of sale unless sooner redeemed. Section 619: that after the expiration of two years allowed for redemption the city is authorized to sell and convey the property upon the payment of the consideration mentioned in the ordinance.

Certain sections of the Code chapter on municipalities provide as follows: Section 2587: that a list of the conveyances of land sold for municipal taxes either to municipalities or individuals shall be recorded in a record book kept for that purpose in the city clerk's office, and

all redemptions shall be noted in such book. Section 2588: that where lands are offered for sale for unpaid municipal taxes, and there is no bid therefor of the amount of taxes, damages, and costs due, "the same shall be struck off to the municipality, and otherwise, where applicable, dealt with as lands which are sold to the state for delinquent state and county taxes." Section 2589: that the list of lands sold for taxes by the municipality shall be made as required to be made by the state and county tax collector and shall be filed within ten days after the tax sale with the municipal clerk; and shall have the same force and effect and confer the same right and title as lists of land made for delinquent taxes by the state and county tax collector. Section 2590: that after the time for redemption has expired the city may take possession of and lease or sell the lands. Section 3256: that the county tax collector shall on or before the first Monday of June transmit to the clerk of the chancery court a certified list of the lands struck off by him to the state and to individuals, which list shall vest in the purchasers thereof a perfect title subject to the right of redemption, "but a failure to transmit or record a list, or a defective list, shall not affect or render the title void."

There is no real conflict between the statutes and ordinances referred to. A list of the land sold for taxes with its description and the name of the purchaser means the same thing as a conveyance of the land to the purchaser. In other words, the list constituted such a conveyance as is provided by Section 615 of the ordinances.

Appellant contends that the tax sale was void because there was no valid assessment of the property for the year 1931; that the minutes of mayor and board of aldermen confirming the assessment did not adjudicate the necessary jurisdictional facts in that the adjudication of the notice to taxpayers failed to set out the place of meeting of the board to equalize the taxes. Section 113 of the ordinances provides that "the southwest corner

room upstairs in the city hall is hereby designated and set apart as the council chamber, and all the regular and special meetings of the council shall be held in said chamber unless for good and sufficient reason the mayor shall call a meeting of the council at a different place.'' The notice to taxpayers given and published shows that it advised them that the board would meet ''in the council chamber in the city hall.'' The minutes adjudicated the giving of the notice. It was not necessary to set out its contents in the minutes. The minutes show the jurisdictional facts existed. There was no need to set forth the evidence of such facts. Appellant's position in this respect it without merit. Hinton v. Perry County, 84 Miss. 536, 36 So. 565.

Appellant argues that the sale was void because made on the first Monday in March instead of the first Monday in April. Section 615 of the ordinances fixes the first Monday in March for tax sales. Section 2585 of the Code chapter provides that the sale of lands for municipal taxes shall be made the same time as provided by law for the sale of lands for unpaid state and county taxes, and Section 3249 of the Code chapter provides that the sale of lands for state and county taxes shall be made on the first Monday of April. There is, therefore, a conflict as to the time of sale between the ordinance and the Code sections. Under Section 2623 of the Code, the ordinance controls, and not the Code section, for it is expressly provided in the last clause of that section that none of the Code chapter sections shall repeal any of the provisions of special municipal charters. Section 615 of the ordinances was authorized by Section 16 of the municipal charter. We are of the opinion, therefore, that the tax sale was not invalid because it was made on the first Monday in March instead of the first Monday in April.

It is argued further that the city's title was void because the lists of lands made and filed by the city tax collector was not properly certified as required by law.

The record shows it was not certified but that in all other respects the law was complied with. Section 3256 of the Code chapter provides, among other things, that the lists shall vest in the purchaser a perfect title and a "failure to transmit or record a list, or a defective list, shall not effect or render the title void." There is no contrary provision in the ordinances. The statute therefore controls. It was held in Roebuck v. Bailey, 176 Miss. 234, 166 So. 358, that the failure of a tax collector to sign and certify a tax list did not invalidate the tax sale.

Finally, appellant contends .that he was entitled to have the tax title cancelled because during the redemption period he tendered the necessary amount to the proper city authority to redeem the lot from the tax sale, which tender was declined. There was a square conflict in the evidence on this issue of fact. The chancellor found, and we think was justified in so finding, that no such tender was made.

Affirmed.