CLANTON *v.* CALLENDER.

(In Banc. June 11, 1945. Suggestion of Error Overruled Sept. 24, 1945.)

[22 So. (2d) 487. No. 35900.]

**Hathorn & Hathorn,** of Hattiesburg, for appellant.

**Hall & Hall,** of Columbia, for appellee.

**L. A. Smith, Sr., J.**, delivered the opinion of the Court.

This is an appeal from a final decree of the Chancery Court of Marion County, whereby the tax title of appellee to certain described lands in said county was quieted and confirmed in her. The defendants were appellant, and her brother, since deceased, of whom appellant is claimed to be the sole heir at law; and the State of Mississippi, pursuant to Chapter 309, Laws 1940, and "all persons having or claiming any legal or equitable interest in and to" the land in controversy. Appellant and her brother answered, and contested the suit. The state filed its conventional answer.

Several errors have been assigned by which the decree of the trial court is attacked as erroneous, but we do not agree with appellant that the matters of which complaint has been made were error. Furthermore, in our opinion only one of the assignments of error is serious enough to merit discussion, which is thus set out by the solicitor for appellant:

"The Court erred in admitting in evidence, over the objection of appellant, the tax collector's original list of the alleged tax sale."

The land was sold, pursuant to an order of the board of supervisors fixing the date therefor, on October 30, 1933, for the unpaid taxes of 1932, which were assessed to Mrs. Ben Foster, the widowed mother of appellant and her brother. The land was sold to the State of Mississippi, and was not redeemed.

On April 13, 1943, the state issued a tax forfeited land patent to appellee, who, on June 8, 1943, filed this suit, praying for the quieting and confirming of her title to said lands pursuant to the said tax forfeited land patent.

The historical review of the sheriff's part as tax collector in sales of lands for delinquent taxes, made by solicitor for appellant, is very interesting, but this Court recently held that such lists of tax sales are conveyances. Seward v. Dogan, 198 Miss 419, 21 So. (2d) 292. The statute involved is Section 3256, Code 1930, now Section 9936, Code 1942, the pertinent part thereof reading as follows: "The tax collector shall on or before the first Monday of June transmit to the clerk of the chancery court of the county, separate certified lists of the lands struck off by him to the state and that sold to individuals, specifying to whom assessed, the day of the sale, the amount of taxes for which the sale was made and each item of cost incidental thereto, and, where sold to individuals, the name of the purchaser, to be separately recorded by the clerk in books kept by him for that purpose. The said lists shall vest in the state or the individual purchaser thereof a perfect title to the land sold for taxes, but without the right of possession and subject to the right of redemption; but a failure to transmit or record a list, or a defective list, shall not affect or render the title void."

The list transmitted to the chancery clerk contained this certificate: "I, O. J. Foxworth, Sheriff and Tax Collector in and for said County and State do hereby certify that the following is a correct list of Lands sold to the State on The last Monday and the 30th day of Oct. 1933, for delinquent taxes due thereon, for the fiscal year 1932 pursuant to the requirements of law."

It is argued that since the sheriff nowhere signed this certificate, and that since his name was written therein at the beginning thereof following "I" by the then chancery clerk, and not by the sheriff and tax collector, the list was fatally defective, or, in effect, was no list transmitted to the chancery clerk by the sheriff and tax collector. Consequently, the title of the state is attacked as null and void, with the claim that for this reason also the state's patent to appellee was void, and she received no title thereby.

In our judgment, the Legislature, in amending the previous statutes, dealing with the subject, by Section 3256, Code 1930, Section 9936, Code 1942, intended to avoid previous court decisions contrary to the provisions of the amendment, as follows: "but a failure to transmit or record a list, or a defective list, shall not affect or render the title void." The entire scheme of selling lands and conveying title thereto, in dealing with the sale thereof for delinquent taxes, is statutory, and we may concede that the above certificate is defective, and we may go even further, and concede that the list was not certified, but when this is done, the decision of this Court in Lear v. Hendrix, 186 Miss. 289, 187 So. 746, 748, confronts and refutes the attack of appellant upon the effectiveness of the list herein to convey title to the state.

We quote the following from that decision: "It is argued further that the city's title was void because the lists of lands made and filed by the city tax collector was not properly certified as required by law. The record shows it was not certified but that in all other respects the law was complied with. Section 3256 of the Code chapter provides, among other things, that the lists shall vest in the purchaser a perfect title and a 'failure to transmit or record a list, or a defective list, shall not effect or render the title void.' There is no contrary provision in the ordinances. The statute therefore controls. It was held in Roebuck v. Bailey, 176 Miss. 234, 166 So.

358, that the failure of a tax collector to sign and certify a tax list did not invalidate the tax sale.''

Since the chancery court reached the same conclusion and adjudged the appellee to be the true, legal and equitable owner of the land, and quieted and confirmed her title thereto in consequence, the decree of the lower court will be and is affirmed.

PARTIALLY CONCURRING OPINION.

**Sydney Smith, C. J.,** delivered a partially concurring opinion.

The only evidence of a sale to the state of land for taxes due thereon provided or recognized by our statutes is the list of such sales, made and certified to by the tax collector who made the sale, required by Section 9935, Code 1942. Without this list the title to the land alleged to have been sold by the tax collector to the state remains in the person who owned it when the alleged sale was made. But it is said that the tax collector's failure to sign and certify this list is within the saving clause of Section 9936, Code 1942, and was held to so be by this Court in Lear v. Hendrix, 186 Miss. 289, 187 So. 746, 748. That clause is not that ''a failure to sign or certify a list, or a defective list, shall not affect or render the title void,'' but is that ''a failure to transmit or record a list, or a defective list, shall not affect or render the title void.'' The words ''transmit or record'' here refer to the provision of Sections 9935 and 9936 that ''the tax collector shall . . . transmit to the clerk of the chancery court of the county separate certified lists of the lands struck off by him to the State and that sold to individuals . . . to be separately recorded by the clerk in a book kept by him for that purpose.'' Consequently the failure of the tax collector to sign and certify the list transmitted by him to the chancery clerk of lands struck off by him to the state at a tax sale thereof is not within this saving clause. The only thing that breathes

life into such a list is the certificate of the tax collector without which the list is not simply "a defective list" but is no list at all. Consequently, a list made by a tax collector of lands alleged to have been struck off by him to the state for taxes due thereon, but not signed and certified to by him, is not within either provision of the saving clause of Section 9936, Code 1942, on which the majority opinion here rests.

In Lear v. Hendrix, supra, the title of the appellee therein was based on a sale of the land to Yazoo City for municipal taxes due thereon. Under the governing statute the procedure by the city tax collector in selling land for municipal taxes is that required of the sheriff in selling land for state and county taxes, and the only evidence required or recognized by the statute for the sale of such land to a city is a list thereof made and certified to the chancery clerk by the city tax collector, identical with the certificate to be filed with the chancery clerk by the sheriff when he sells land to the state for county and state taxes. In that case, according to the Court's opinion, the list of sales of land to the city for municipal taxes "was not certified," but the Court held that this did not void the city's title, under the saving clause of Section 3256, Code 1930, now Section 9936, Code 1942. The only reason given therefor was that it was so decided in Roebuck v. Bailey, 176 Miss. 234, 166 So. 358, 359. That case did not so decide, and is not an authority for the holding in the Lear case, or in the one we are now considering. The land in Roebuck v. Bailey was sold to a private individual. In such cases the tax collector is required not only to certify to the chancery clerk a list of lands sold to individuals, but also to "deliver to the purchaser of land sold for taxes a receipt showing the amount paid, a description of the land sold, the amount of taxes due thereon, and the date of sale, and such receipts signed by the tax collector shall be evidence of the purchase of said land by said purchaser." Section 3254, Code 1930, Section 9933, Code 1942. In ad-

dition, by another section, an individual purchaser of land has the right, if he so desires, to a deed thereto, executed by the chancery clerk after the expiration of the period of redemption.

In the Roebuck v. Bailey case the Court held ''that the failure of the tax collector to sign and certify the tax list did not invalidate the tax sale,'' for the reason that the receipt issued to the individual tax purchaser under Section 3254, Code 1930, evidenced his purchase of the land. This evidence of the sale to the state or a municipality of land at a tax sale is neither authorized nor recognized by any statute, and therefore Roebuck v. Bailey does not support Lear v. Hendrix—consequently Lear v. Hendrix does not support the majority opinion here. Moreover, such a receipt, even if it could be of any efficiency here, does not appear in this record.

I am afraid that the approval here given Lear v. Hendrix will return to plague us, and will result, under Section 1739, Code 1942, which provides that ''the list of lands sold to the state at such sale, shall be prima facie evidence that the assessment and sale of the land were legal and valid,'' in landowners losing their land to the state under claimed sales for taxes which were never made legally if made at all.

Lear v. Hendrix, supra, on which the opinion of the majority rests was decided as recently as 1939, is not based on any reasoned construction of the statute but solely on an erroneous construction of Roebuck v. Bailey, supra, is without the support of any later decision, and is so manifestly erroneous and mischievous that it should be overruled. This, however, would not result in a reversal of the decree of the court below for the reason that while the state's title to this land rests on an alleged sale made to it prior to 1939 the appellee's title rests on a conveyance of it by the state in 1943, and the rule is that the overruling of a prior decision does not affect vested rights acquired under it while it was in force. Bank of Philadelphia v. Posey, 130 Miss. 825, 95

So. 134; Wisconsin Lbr. Co. v. State, 97 Miss. 571, 54 So. 247; 21 C. J. S., Courts, Sec. 194, p. 329.

SPECIALLY CONCURRING OPINION.

McGehee, J., delivered a specially concurring opinion.

I do not think that Section 3256, Code 1930, which is now Section 9936, Code 1942, providing, among other things, that "A failure to transmit or record a list, or a defective list, shall not affect or render the title void," was ever intended to cure the failure of the sheriff and tax collector to make and certify the list of lands sold by him to the state for taxes, as required by this statute. There are no other means by which a purchaser of land sold to the state for taxes can prove his title thereto than by the introduction of the list of such lands, made by the sheriff and tax collector. This is not the case where lands are sold to individuals for taxes, since Section 3254, Code 1930, which is now Section 9933, Code 1942, provides that the receipt delivered by the sheriff and tax collector to such a purchaser, showing the amount paid, a description of lands sold, the amount of taxes due thereon, and the date of sale, shall be evidence of the purchase of said land by said individual purchaser. Therefore, I think that the case of Roebuck v. Bailey, 176 Miss. 234, 166 So. 358, involving a tax sale to an individual, was correctly decided. But in my opinion the later case of Lear v. Hendrix, 186 Miss. 289, 187 So. 746, involving a list of lands sold to a municipality, should not have applied the case of Roebuck v. Bailey, supra, as a precedent for the decision reached in the Lear case.

However, approximately six years have intervened since the decision was rendered in the case of Lear v. Hendrix, during which time many thousands of acres of land forfeited to the state for taxes have been patented to individuals, and doubtless many investments made in reliance upon the validity thereof, making it necessary

that we should now adhere to that decision where vested rights acquired on the faith thereof are involved, and in other cases, unless we are able to say that it is so manifestly wrong and mischievous in its operation as to require that it be overruled.

If the case at bar was one 'of first impression, I think that the decision herein should be that the statute in question does not cure the failure of the sheriff and tax collector to make and certify the list, as applied to lands sold to the state for taxes, but that it should apply only to a failure to transmit or record the list which he has made and certified, even though the same may be otherwise defective, including his signed certificate thereto.

For the reason hereinabove stated, I concur in the result reached by the main opinion herein.