## DARBY *v.* HUNT.

In Banc. Nov. 6, 1950.

No. 37606 (48 So. (2d) 359)

**Owen T. Palmer, Jr.,** and **Jo Drake Arrington,** for appellant.

**White & Morse,** for appellee.

**McGehee, C. J.**

At a legal and valid tax sale held on September 15, 1947, appellee K. Hunt purchased from the then sheriff and tax collector of Harrison County three lots of land which were being sold by the said officer for the delinquent and unpaid state and county taxes for the fiscal year of 1946. A receipt was thereupon executed and delivered to the appellee, as purchaser, of the said lots, in full compliance of Section 9933, Code of 1942, showing the amount paid, a description of the land sold, the amount of taxes due thereon and the date of sale. This receipt was duly signed by the sheriff and tax collector, with a notation thereon above his signature of "Supp.", and which evidently indicated that the description of these lots was intended to be noted as a supplement to the list of lands sold to individuals which the said official filed with the chancery clerk pursuant to Section 9936, Code of 1942.

However, the term of office of the said sheriff and tax collector expired on January 1, 1948, without the description of the lots here involved having been added to the list originally prepared in 1947, and which had been transmitted to the appellant, C. J. Darby, as chancery clerk.

On September 16, 1949, the appellee presented to the appellant the original tax sale receipt showing the purchase by him of the lots in question and requested the execution and delivery by the appellant of a deed of conveyance to him on the basis of the said receipt which

Section 9933, supra, provides "shall be evidence of the purchase of said land by said purchaser." Whereupon, the appellant declined to execute the deed of conveyance for the reason that the list of lands sold on September 15, 1947, for the delinquent and unpaid taxes for the year 1946 did not contain a description of the lots purchased by the appellee, and because therefore the appellant had no record in his office of the said lots having been sold for taxes.

In this situation, the appellee filed his petition for a writ of mandamus to compel the appellant, as chancery clerk, to execute the deed of conveyance, as provided for by Section 9958, Code of 1942, the pertinent part of which reads, as follows: "When the period of redemption has expired the chancery clerk shall, on demand, execute deeds of conveyance to individuals purchasing lands at tax sales." The petition for mandamus alleges all of the facts hereinbefore stated, together with the further fact that the period of redemption expired on September 15, 1949, without the said lots having been redeemed from the tax sale.

Demurrer was interposed by the defendant chancery clerk on the ground that he was not required to issue a tax deed to the petitioner, K. Hunt, under the facts and circumstances alleged in the said petition. The demurrer was overruled by the trial court, and when the defendant declined to plead further a judgment was duly entered directing the issuance of the writ of mandamus as prayed for.

On this appeal, it is urged that the trial court was in error in sustaining the petition for mandamus because the statutes involved do not clearly impose upon the chancery clerk the duty to execute a tax deed where the property is not listed with the clerk as having been sold by the sheriff and tax collector, and that Section 1109, Code of 1942, providing for the writ of mandamus, does not clearly afford unto the purchaser at such a

tax sale the right to compel the execution and delivery of the conveyance as prayed for. That section provides, among other things, that "On the petition of . . . any private person who is interested, the writ of mandamus shall be issued by the circuit court, commanding any . . ., officer, or person to do or not to do an act the performance or omission of which the law specially enjoins as a duty resulting from an office, trust, or station, where there is not a plain, adequate, and speedy remedy in the ordinary course of law."

However, we are of the opinion that Section 9958, supra, does specially enjoin upon the chancery clerk the duty of executing deeds of conveyance to individuals purchasing lands at tax sales, when the period of redemption has expired, and that the failure of the sheriff and tax collector to transmit a list showing the particular land for which he has issued to a purchaser at the tax sale the receipt provided for by Section 9933, supra, does not affect or render the title void, under the express provision of Section 9936, supra.

As to the remedy of mandamus, it is true that: "If the sheriff or clerk shall fail to perform the duties herein prescribed he shall be liable to the party injured by such default in the penal sum of $25, and also on his bond for the actual damages sustained." But, we do not think that this is a plain, adequate, and speedy remedy. If the citizen appears at a valid tax sale, purchases land, pays the necessary price therefor, and obtains a tax sale receipt in conformity with Section 9933, supra, he is entitled to a deed of conveyance for the property purchased, after the period of redemption has expired and where the property has not been redeemed from the sale.

In construing the provision of Section 9936, supra, that "A failure to transmit or record a list, or a defective list, shall not affect or render the title void", we held in the cases of Roebuck v. Bailey, 176 Miss. 234, 166 So. 358; Lear v. Hendrix, 186 Miss. 289, 187

So. 746; and Clanton v. Callender, 198 Miss. 614, 22 So. (2d) 487, that the failure of the sheriff to sign the list of lands sold for taxes when he transmits the same to the clerk, or the failure to certify to the same, did not render the sale invalid. In each of those cases, the list transmitted to the clerk, although not signed or certified to as the case may have been, did contain a description of the land in question. That is to say, the clerk had in his office at least a memorandum wherein the land had been described, although the list which was filed with the clerk was defective in that it was not properly authenticated by the sheriff and tax collector. Whereas, in the instant case the land involved was not described on any list or memorandum which had been transmitted to the clerk.

Therefore, the precise question involved in the present suit has not been heretofore decided. In the case of Seward v. Dogan, 198 Miss. 419, 21 So. (2d) 292, 296, involving the right of the sheriff and tax collector to receive the statutory fee of $1 for each sale of land to an individual purchaser, the Court held that he was entitled to such fee on the ground that the receipt given the purchaser under Section 9933 is a conveyance in the contemplation of the law entitling him to the fee of $1 for each conveyance, and the Court stated in its opinion in that case that ''If he fails to perform the duty of filing this list or files a defective list, the receipt given by him to the tax purchaser is sufficient evidence of the sale.'' If this be true, it would seem that the holder of a tax sale receipt would be entitled to have the clerk perform the ministerial duty imposed upon him by Section 9958, supra, of executing the deed of conveyance as therein provided for, subject to whatever infirmities, if any, may exist in his tax title as between the purchaser and the former owner, an innocent purchaser from the former owner, or any lienholder to whom the clerk may not have been able to give the notice provided for by Section 9943,

Code of 1942, by reason of the fact that the lands were not listed with him as having been sold.

However, neither the former owner nor an innocent purchaser from him, nor lienholder, is a party to this suit, and no such person will therefore be precluded by the result of this proceeding as to any right that he or they may have in the premises. In other words, the purchaser at the tax sale is entitled to the deed of conveyance for whatever the same may be worth under the facts and circumstances alleged in the petition herein.

The judgment of the trial court awarding the writ of mandamus will therefore be affirmed.

Affirmed.