208 So.2d 51 (1968)
Louis CARMADELLE
v.
Gilbert R. CUSTIN et ux.
No. 44770.
Supreme Court of Mississippi.
March 4, 1968.
Heidelberg, Sutherland & McKenzie, Hattiesburg, for appellant.
Ray M. Stewart, Picayune, for appellees.
RODGERS, Justice:
This suit was filed in the Chancery Court of Pearl River County by the appellees to *52 set aside a tax sale conveying certain property to the appellant. The appellant answered and sought by cross bill to confirm his title to the property. The final decree of the chancellor dismissed the appellant's cross bill and cancelled the tax deed as a cloud on the appellees' title.
The appellees, Gilbert R. Custin and his wife, were both born in Cuba. Mr. Custin moved to New York City when he was about eight years old, and upon completion of high school there he attended the Merchant Marine Academy. Since that time he has continued his trade as a seaman. At the time Mr. Custin married his wife, she was a resident and citizen of Cuba. In 1957 they came to the United States and purchased a home in Louisiana.
During April of 1961 Mr. Custin and his wife purchased the property in controversy here from Edward Montague, the property being described as the south 20 acres of the northeast quarter of the southeast quarter, section 7, township 6 south, range 16 west, Pearl River County, Mississippi. During January of 1962 Mr. and Mrs. Custin paid the 1961 county and state taxes. About December 17, 1962, Mr. Custin signed on a ship and was at sea from that time until January of 1964. On September 16, 1963, Mr. Custin's property was sold for delinquent taxes for the year 1962. The property was purchased by the appellant at this tax sale for $7.12, and he was issued a purchaser's Receipt For Land Sold For 1962 Taxes. At all times up to this point the property had been correctly described  in the newspaper publication, receipt for land sold, the sheriff's original list of lands to be sold, etc.
Thereafter, someone in the sheriff's office, while preparing the certified list of lands sold to be transmitted to the chancery clerk, made an error in the description of this piece of property. This list, which was given to the chancery clerk, described the property sold as being the south 20 acres of the northeast quarter of the southeast quarter, section 6, township 6 south, range 16 west. As a result of this error, the chancery clerk indexed the tax sale on the sectional index in section 6 and further indexed it in the tax sale book in section 6. Immediately upon Mr. Custin's return to the continental United States, he presented himself at the sheriff's office of Pearl River County. When he asked to pay his taxes he was presented a bill, and he paid the amount requested. As it developed, the amount paid was for only the 1963 ad valorem taxes. The receipt which Mr. Custin received from the sheriff's office at this time is dated February 19, 1964, and is for the "Taxes for the Fiscal Year 1963."
Mr. Custin testified that during the spring of the year 1964, while he was still living in Louisiana, he employed an attorney to search the title to this property, his intention being to construct a residence and move to Mississippi. No discrepancies were found in the title as a result of this search. It is undisputed that Mr. Custin paid the 1961, 1963, 1964 and 1965 county and state taxes. Also, it is undisputed that he paid the 1961, 1962, 1963, 1964 and 1965 City of Picayune taxes on this property.
In the latter part of June 1965, while in the process of preparing the legal notices to the owners and lienors of unredeemed property which had been sold for taxes during September 1963, an employee of the chancery clerk's office detected the error in the description on the sheriff's list. After determining that the correct description of the property was section 7 rather than section 6, this employee proceeded to correct all the records in the chancery clerk's office by marking a "7" over the "6" (the section number). This was also done on the copy of the notice to owners of land sold for taxes. This notice was given to the sheriff, who returned it "not found," even though either Mr. or Mrs. Custin was continuously living in their home which had been constructed on the property during the year 1965.
*53 The Custins not having received notice of the impending expiration of the period of redemption, the chancery clerk issued a tax deed to the property to the appellant. This suit subsequently was filed by the appellees to cancel the tax sale as a cloud upon the title of the property of the Custins. The chancellor, giving no reasons therefor, entered a final decree dismissing the appellant's cross bill and canceling the tax sale as a cloud upon appellees' title.
There are two questions presented by the briefs of the parties on this appeal: (1) the effect of the erroneous or defective description in the sheriff's list of land sold, and (2) the effect, as an attempt at redemption, of the offer of Mr. Custin in February 1964 to the sheriff of Pearl River County to pay all his taxes.
With respect to the certified list of the sheriff, section 9935, Mississippi Code 1942 Annotated (1952) provides in part as follows:
"All such lists shall vest in the State or in the individual purchaser thereof, a perfect title to the land sold for taxes, but without the right of possession for the period of and subject to the right of redemption; but a failure to transmit or record a list, or a defective list shall not affect or render the title void. [Emphasis added]"
Appellant contends that as a result of this Code section the erroneous description in the sheriff's list has no effect on the validity of his title. He points out that in the case of Roebuck v. Bailey, 176 Miss. 234, 166 So. 358 (1936), this Court held that a failure of the sheriff to sign and certify the list of land sold for taxes did not void the tax sale. In that case the land was properly described in the list. In the case of Lear v. Hendrix, 186 Miss. 289, 187 So. 746 (1939), this Court held that a failure of a tax collector to certify the list did not render the tax title void. Here again the land was properly described and the list was proper in all respects except that it was not certified. In Clanton v. Callender, 198 Miss. 614, 22 So.2d 487 (1945), the sheriff failed to sign the list of lands sold for taxes, and his Court held that the list conveyed the property. In Barron v. Eason, 199 Miss. 739, 25 So.2d 188 (1946), the list of lands sold for taxes and certified by the sheriff erroneously stated that the land was sold for 1929 taxes, when in fact the land was sold for 1928 taxes. In that case this Court held that this clerical error did not void the tax title, particularly since the clerical error was shown by written evidence. None of the facts set out in the foregoing cases is applicable to the facts presented in the instant case.
The facts in Darby v. Hunt, 209 Miss. 738, 48 So.2d 359 (1950), are more similar to the facts in the instant case than are those in the other cases cited by the appellant, with reference to the list of property sold for taxes and certified by the sheriff to the chancery clerk. In the Darby case the land was not included in the list, and when the purchaser attempted to obtain a tax deed from the chancery clerk, the clerk refused to make the deed. The purchaser filed a petition for a writ of mandamus to compel the clerk to make the deed. This court held that where a citizen at a tax sale purchases land and obtains a tax collector's receipt upon payment of the bid, the chancery clerk is required to deliver a deed to the purchaser after the period of redemption has expired. However, a significant and interesting point appears in the opinion, wherein this Court said:
"However, neither the former owner nor an innocent purchaser from him, nor lienholder, is a party to this suit, and no such person will therefore be precluded by the result of this proceeding as to any right that he or they may have in the premises." Id. at 744, 48 So.2d at 361.
This opinion clearly points out that the owner of the land had some right to contest the claim of a purchaser where the land was not described in the tax collector's *54 certified list of land sold for delinquent taxes.
After a careful study of the facts and applicable law in this case, we have reached the conclusion that the tax deed issued to the appellee, Louis Carmadelle, is void as against the landowners, Mr. and Mrs. Gilbert R. Custin, for the following reasons.
There is a combination of errors shown by the testimony in this case committed by the tax gathering authorities which would, if overlooked, amount to the taking of appellees' home without due process of law.
The right to redeem from tax sales was regarded as of such vital importance that the people of Mississippi, through their delegate to the Constitutional Convention of 1890, inserted an express safeguard against legislative impairment of the right to redeem in section 79, Mississippi Constitution 1890.
The appellant introduced considerable testimony which clouded the issue as to whether or not the sheriff's sale of the property was properly made. Leaving this aside, however, the record shows that the tax collector then certified to the chancery clerk that the land sold was in section 6 instead of section 7. When the landowner returned from his tour of duty as a merchant marine engineer in 1964, he went to the sheriff's office to pay his taxes. The land was still assessed to him, and the tax collector gave the landowner a receipt for his taxes. Mr. Custin, the appellee, thought he had paid all his taxes. Mr. and Mrs. Custin decided to build a home on the land and they had the records examined to determine whether or not the title was good. The record did not reveal that there was a tax sale of appellees' property. As the matter rested there, the clerk would have issued a tax deed to the purchaser, Louis Carmadelle, to property not belonging to appellees. At this point the chancery clerk proceeded to change the records so as to describe the land owned by appellees without notice to the appellees. It is true that notice to appellees was written out by the clerk after the description had been changed, but the sheriff did not bother to serve it upon the landowners. Although Mr. and Mrs. Custin lived in the house on the land in Picayune, Mississippi, the sheriff made his return on the notice by showing "not found."
In Brannon v. Lyon, 86 Miss. 401, 38 So. 609 (1905), this Court held void a sale for taxes which was made after a tender of payment of the taxes had been made to the sheriff. The sheriff rejected the tender, erroneously stating to the owner that the taxes had been paid by another.
In Broadhead v. Jury, 226 Miss. 311, 84 So.2d 385 (1956), this Court pointed out that in determining the question as to whether or not a payment of taxes on realty was a payment of all the taxes due so that the taxpayer was not in default, the circumstances must be liberally construed in favor of the taxpayer. The Court further pointed out that such an offer need not be in technical language. Under the facts in that case the Court held that the offer rendered the subsequent sale of the land for taxes void.
In the case of Union Savings Bank & Trust Company v. City of Jackson, 122 Miss. 557, 84 So. 388 (1920), this Court recognized that the legislature could impose "reasonable conditions" upon the right to redeem land sold for taxes, but that the legislature could not defeat the right to redeem. This Court further pointed out that if the legislature should neglect a method for redemption the court would afford a remedy and that equity had jurisdiction of a suit to redeem independent of the legislature.
In the case of Kelly v. Coker, 197 Miss. 131, 19 So.2d 519 (1944), it was held that an offer to redeem from a tax sale, whether refused either arbitrarily or through unintentional misrepresentation of the facts, *55 took away the state's power to convey title to the property.
In James v. Tax Investment Company, 206 Miss. 605, 618-619, 40 So.2d 539, 543 (1949), the Court said:
"This case is no different in principle from McLain v. Meletio, 166 Miss. 1, 147 So. 878; Kelly v. Coker, 197 Miss. 131, 19 So.2d 519; Beauchamp v. McLauchlin, 200 Miss. 83, 25 So.2d 771; McNatt v. Hyman, [204 Miss. 824,] 38 So.2d 107, not yet reported in State Reports; and Brannon v. Lyon, 86 Miss. 401, 38 So. 609. In those cases it was held that statutes allowing land to be redeemed from tax sales are to be liberally construed in favor of the person seeking to redeem, and that an owner's offer to redeem from any and all tax sales within the redemption period, with sufficient money upon his person with which to effect such redemption, includes every form of taxes and takes away from the taxing authorities the power to convey title to any one else pursuant to tax sales from which no redemption had actually been accomplished by reason of neglect or otherwise of the custodian of the tax sale records."
The James case also held that a purchaser of a tax title is not an innocent purchaser but takes title subject to all its infirmities. The circumstances in each case are to be liberally construed in favor of the owner. The offer to redeem need not be in any particular form or in technical language, and it is immaterial whether such an offer is not effected due to arbitrary refusal by the officer to accept it or through unintentional misunderstanding.
It is to be borne in mind that the public policy of this state, as embodied in its constitution and laws and in the decisions of this Court, favors and protects the owner of land from loss by its sale for taxes. Moreover, the right to redeem may be enforced in equity even if the legislature should fail to make reasonable provision for it.
It is argued that none of these errors, in listing the land and giving notice, was sufficient to void the tax deed issued to the appellant by the chancery clerk. We are of the opinion, however, that Mr. Custin made an effort to pay all his taxes and had the record examined to find any flaw in his title, but was prevented from discovering the tax deed because of the wrongful description in the tax collector's certified list of lands sold for taxes.
The failure of the tax collector to properly describe the landowner's property in the list of lands sold for taxes prevented the chancery clerk from properly indexing the lands of the appellees so as to show that his land had been sold for taxes. The attorney for the landowner was prevented from discovering that the appellee's land had been sold for taxes because it was not indexed; and the landowner was prevented from redeeming the land within the time allowed by law. But in addition to the foregoing facts, the chancery clerk amended the record without notice to the landowner.
It is true that a taxpayer must be vigilant and make sure that his taxes are paid; nevertheless, he has the constitutional right to redeem his home when it has been sold for taxes and neither the state nor the tax gathering agents of the state can conceal a sale of land for taxes so as to deprive the owner of his right to redeem.
Appellees will be permitted to redeem their property upon payment of taxes, damage and interest.
Affirmed.
ETHRIDGE, C.J., and PATTERSON, SMITH and ROBERTSON, JJ., concur.