996 So.2d 822 (2008)
James ALEXANDER, Appellant
v.
Hildrich GROSS and Dinette Gross and all Persons Having or Claiming Any Legal or Equitable Interest in the Land Described in this Complaint, Appellees.
No. 2007-CA-02033-COA.
Court of Appeals of Mississippi.
December 16, 2008.
Donald A. McGraw, Canton, Kenneth Trey O'Cain, Jackson, attorneys for appellant.
Ronald M. Kirk, attorney for appellees.
Before KING, C.J., GRIFFIS and CARLTON, JJ.
GRIFFIS, J., for the Court.
¶ 1. James Alexander filed suit in the Chancery Court of Madison County to confirm his tax title against Hildrich and Dinette Gross, record owners of the property. The chancellor found that the Madison County Chancery Clerk failed to provide the required notice to the Grosses; therefore, she denied Alexander's request to confirm the tax title and set aside the tax sale. Alexander now appeals the chancellor's ruling and argues that the requisite notice was provided. We find no error and affirm.

*823 FACTS
¶ 2. The Grosses failed to pay the ad valorem taxes due in 2002 on six parcels of land in Madison County. Alexander purchased each of the six parcels through a tax sale in Madison County. The sales were certified by the chancery clerk and remained on file with the clerk for the statutory redemption period of two years. The chancery clerk attempted to serve notice of the tax sales on the Grosses as the owners of record. After numerous attempts to find the Grosses, the chancery clerk filed affidavits setting forth his efforts to notice the Grosses of the sale of each parcel. At the conclusion of the redemption period, tax deeds were delivered to Alexander who then recorded the deeds with the chancery clerk.
¶ 3. Alexander filed a complaint to confirm tax title seeking a final judgment confirming his title to the property. The Grosses answered and asked the court to declare the tax deed void. The matter was tried before the chancellor on October 5, 2007. After the presentation of the evidence, the chancellor concluded that the deeds were void because the chancery clerk failed to conduct a diligent search to provide notice to the Grosses.

STANDARD OF REVIEW
¶ 4. This Court maintains a limited review of a chancellor's findings of fact. We will not reverse those factual findings of the chancellor supported by substantial evidence unless manifestly wrong, clearly erroneous, or were an abuse of discretion. Morgan v. West, 812 So.2d 987, 990(¶ 7) (Miss.2002) (citation omitted). "In matters that are questions of law, this Court employs a de novo standard of review and will only reverse for an erroneous interpretation or application of the law." Id. at (¶ 8) (citations omitted).

ANALYSIS
¶ 5. On appeal, Alexander argues that the chancellor committed manifest error by determining that the chancery clerk failed to provide the Grosses with the statutorily mandated notice. The Grosses respond that the notice was insufficient because the chancery clerk failed to mail notice to their post office box; thus, the chancellor correctly voided the tax deeds.
¶ 6. The required notice of tax sales to owners who fail to pay their ad valorem taxes is governed by Mississippi Code Annotated section 27-43-3 (Rev.2006), which states in part:
The clerk shall issue the notice to the sheriff of the county of the reputed owner's residence, if he be a resident of the State of Mississippi, and the sheriff shall be required to serve personal notice as summons issued from the courts are served, and make his return to the chancery clerk issuing same. The clerk shall also mail a copy of same to the reputed owner at his usual street address, if same can be ascertained after diligent search and inquiry, or to his post office address if only that can be ascertained, and he shall note such action on the tax sales record. The clerk shall also be required to publish the name and address of the reputed owner of the property and the legal description of such property in a public newspaper of the county in which the land is located, or if no newspaper is published as such, then in a newspaper having a general circulation in such county. Such publication shall be made at least forty-five (45) days prior to the expiration of the redemption period.
....
Notice by mail shall be by registered or certified mail. In the event the notice by mail is returned undelivered and the personal notice as hereinabove required *824 to be served by the sheriff is returned not found, then the clerk shall make further search and inquiry to ascertain the reputed owner's street and post office address. If the reputed owner's street or post office address is ascertained after the additional search and inquiry, the clerk shall again issue notice as hereinabove set out. If personal notice is again issued and it is again returned not found and if notice by mail is again returned undelivered, then the clerk shall file an affidavit to that effect and shall specify therein the acts of search and inquiry made by him in an effort to ascertain the reputed owner's street and post office address and said affidavit shall be retained as a permanent record in the office of the clerk and such action shall be noted on the tax sales record. If the clerk is still unable to ascertain the reputed owner's street or post office address after making search and inquiry for the second time, then it shall not be necessary to issue any additional notice but the clerk shall file an affidavit specifying therein the acts of search and inquiry made by him in an effort to ascertain the reputed owner's street and post office address and said affidavit shall be retained as a permanent record in the office of the clerk and such action shall be noted on the tax sale record.
....

Should the clerk inadvertently fail to send notice as prescribed in this section, then such sale shall be void and the clerk shall not be liable to the purchaser or owner upon refund of all purchase money paid.
(Emphasis added).
¶ 7. The Madison County Chancery Clerk testified regarding his effort to serve notice on the Grosses. Notice was issued to the sheriff, but it was returned unfound. Copies of the notice were mailed to a street address108 Pine Street; but they were returned undelivered. Notice was then published in the Madison County Herald. The chancery clerk filed an affidavit stating that he tried to call a phone number listed for the Grosses, but it was disconnected. The chancery clerk mailed another notice to an alternate address 167 Pugh Road, and he called the B & I Quick Stop to ask if anyone there could get a message to the Grosses.
¶ 8. At trial, Mr. Gross testified that his mailing address was post office box 539, and his physical address was 171 Pugh Road, but he only received mail at the post office box. He admitted that he owned property at 108 Pine Street, but he said he did not live there. He knew nothing about 167 Pugh Road. Mr. Gross also testified that he went to the tax collector's office and paid his taxes for 2003 and 2004, but he was never informed that his taxes for 2002 had not been paid.
¶ 9. On cross-examination, the chancery clerk admitted that his office did not mail any notices to the Grosses' post office box. He further admitted that his office was aware of this post-office box address because it was listed as the Grosses' address on their 2003 tax receipt. The Grosses' post office box address was also listed on the deeds delivered to Alexander.
¶ 10. Section 27-43-3 is clear that if notice by mail and personal service by the sheriff are unsuccessful, the chancery clerk must make further inquiry to determine the owner's street and post office address. Only after further investigation and an effort to send notice to the post office address may the chancery clerk file an affidavit relieving his office of any further duties regarding notice. Here, it is clear that the Grosses' post office address was readily available to the chancery clerk. Despite the numerous attempts to serve the Grosses at various addresses, as well *825 as through publication, the chancery clerk never sent a notice to the post office address.
¶ 11. We agree with the chancellor's finding that the chancery clerk failed to conduct a diligent search as required by statute because of this error. Public policy "favors and protects the owner of land from loss by its sale for taxes." Carmadelle v. Custin, 208 So.2d 51, 55 (Miss. 1968). In keeping with that policy, section 27-43-3 explicitly states that the tax sale is rendered void if the chancery clerk fails to serve notice as prescribed. Thus, the chancellor correctly determined that the tax sales were void and denied Alexander's request to confirm his title.
¶ 12. Alexander sets forth an additional argument that the chancellor erred simply by addressing the issue of defective notice because the Grosses never raised this issue. However, the Grosses' answer specifically denied Alexander's claims that sufficient notice was provided. Further, the Grosses presented testimony at trial that notice was never sent to their mailing address at the post office, and they presented evidence that their address was known to the chancery clerk. We find that the issue of notice was properly before the chancellor. Accordingly, Alexander's assignments of error on appeal are without merit.
¶ 13. THE JUDGMENT OF THE CHANCERY COURT OF MADISON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.