# IN THE COURT OF APPEALS
# OF THE
# STATE OF MISSISSIPPI
## NO. 1999-CA-02003-COA

JULES PERRET                                                    APPELLANT

v.

JOHN T. LOFLIN D/B/A LOFLIN SAND AND GRAVEL                     APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 11/08/1999 |
| TRIAL JUDGE: | HON. THOMAS L. ZEBERT |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | KYLE MATTHEW SADLER |
| ATTORNEY FOR APPELLEE: | DAVID RINGER |
| NATURE OF THE CASE: | CIVIL - REAL PROPERTY |
| TRIAL COURT DISPOSITION: | SUMMARY JUDGMENT IN FAVOR OF APPELLEE GRANTED |
| DISPOSITION: | REVERSED AND REMANDED - 04/10/2001 |
| MOTION FOR REHEARING FILED: | 4/24/2001; denied 6/26/2001 |
| CERTIORARI FILED: | 7/10/2001; granted 9/6/2001 |
| MANDATE ISSUED: | |

BEFORE McMILLIN, C.J., BRIDGES, AND MYERS, JJ.

MYERS, J., FOR THE COURT:

¶1. Perret appeals the order of the Chancery Court of Rankin County granting Loflin's motion for summary judgment. Finding reversible error, we reverse and remand.

## FACTS

¶2. In 1987, John and Cindy Maulding (Maulding), not parties to this action, purchased nine tracts of land from Seymour Schwartz and obtained a warranty deed for such land. In 1990, Maulding executed a deed of trust in favor of OmniBank. OmniBank assigned this deed of trust to the United States Small Business Administration in 1991. The parcel of land subject to this action was excluded from the deed of trust. In April 1991, Loflin filed a notice of lien for labor and materials, describing the burdened land as all property listed in the aforementioned warranty deed.

¶3. Maulding failed to pay the 1990 ad valorem taxes assessed against the lands described in the aforementioned warranty deed. The land was struck off for non-payment of taxes, and Perret purchased a portion of the land at the resulting tax sale in August 1991. Loflin filed an action against John Maulding, seeking to obtain a judgment on the debt which gave rise to Loflin's lien. John Maulding failed to answer the complaint, and a default judgment was entered in favor of Loflin in February 1992. Loflin then redeemed the taxes on all of the Maulding land.

¶4. Because Maulding failed to pay the debt underlying the deed of trust, the Small Business Administration foreclosed on six of the Maulding tracts in December 1992. Loflin purchased these six tracts at the foreclosure sale. He then brought action against Maulding to effect a judicial foreclosure on those tracts not included in the SBA foreclosure. The court entered judgment ordering such foreclosure. Loflin then purchased the remaining tracts at the subsequent foreclosure sale.

¶5. Perret instituted the present action against Loflin in the Rankin County Chancery Court in April 1997 to quiet title in the land that he purchased at the August 1991 tax sale. In June 1999, Loflin filed a motion for summary judgment, affirmatively asserting that he was a judgment creditor of Maulding. Perret objected to the court's consideration of Loflin's default judgment, arguing that it was not timely produced and that it was taken against a corporation rather than Maulding individually. The court found that the default judgment was against Maulding individually. The court accordingly granted Loflin's motion for summary judgment, quieting title in Loflin and dismissing Perret's claims with prejudice.

## STANDARD OF REVIEW

¶6. In *Travis v. Stewart*, 680 So. 2d 214 (Miss. 1996), the Mississippi Supreme Court stated that:

> Rule 56(c) of the *Mississippi Rules of Civil Procedure* allows summary judgment where there are no genuine issues of material fact such that the moving part is entitled to judgment as a matter of law. To prevent summary judgment, the nonmoving party must establish a genuine issue of material fact by means allowable under the Rule. *Lyle v. Mladinich*, 584 So. 2d 397, 398 (Miss.1991).
>
> This Court employs a de novo standard of review in reviewing a lower court's grant of summary judgment motion. *Short v. Columbus Rubber & Gasket Co., Inc.*, 535 So. 2d 61, 63 (Miss.1988). Evidentiary matters are viewed in the light most favorable to the nonmoving party. *Palmer v. Biloxi Regional Medical Center, Inc.*, 564 So. 2d 1346, 1354 (Miss.1990). If any triable issues of fact exist, the lower court's decision to grant summary judgment will be reversed. Otherwise, the decision is affirmed. *Brown v. Credit Center, Inc.*, 444 So. 2d 358, 362 (Miss.1983).

*Travis*, 680 So. 2d at 216.

## DISCUSSION

### I. WERE THERE DISPUTED ISSUES OF MATERIAL FACT THAT SHOULD HAVE PRECLUDED A GRANT OF SUMMARY JUDGMENT?

¶7. The appellant makes several assignments of error. Most of them are based upon the assertion that the chancellor granted summary judgment when there were material issues of fact and law in dispute. These arguments are not well taken. Initially, we must point out that disputed issues of law which are material to a case do not preclude summary judgment. *Lyle*, 584 So. 2d at 398. The question, therefore, is whether there were disputed issues of material fact which would preclude a granting of summary judgment.

¶8. As mentioned *supra*, the chancellor found that Loflin's default judgment was entered against John Maulding personally rather than against Lazy J Arena. This was a legal finding based upon the chancellor's own review of the file from the case in which the default judgment was granted. Finding that the default judgment was against Maulding and in favor of Loflin, the chancellor held that the judgment acted as a lien

that gave Loflin the right to protect his interest in the property of Maulding. The findings made by the chancellor were findings of law and were well within his discretion. These findings precluded the necessity of making any further findings of fact or law for disposition of the case, and summary judgment was therefore proper.

## II. WAS LOFLIN ENTITLED TO A STATUTORY RIGHT OF REDEMPTION ON THE SUBJECT PROPERTY?

¶9. The disposition of this issue requires that we first determine whether the aforementioned default judgment was against John Maulding. In making his determination on this issue, the chancellor read the title of the case in which the default judgment was granted into the record. As read by the chancellor, the case was brought in the County Court of Rankin County and was styled "John Loflin, d.b.a. Loflin Sand and Gravel v. John Maulding, d.b.a. Lazy J Arena." As admitted by the appellant in his brief, the action was brought against John Maulding and not against the Lazy J corporation. The appellant argues that the case should have been brought, and judgment subsequently rendered, against Lazy J Enterprises. However, the chancery court in the case *sub judice* had no jurisdiction, nor do we now have jurisdiction, to review the legitimacy of the earlier judgment entered by the county court. We agree with the chancellor that the default judgment was entered against John Maulding, not Lazy J Enterprises, and we find that Perret is barred from challenging that judgment under the doctrines of *collateral estoppel* and *res judicata*.

¶10. Having determined that Loflin's default judgment was against John Maulding, we must now determine whether this default judgment gave Loflin standing to exercise Maulding's right of redemption. The question thus becomes whether a judgment creditor has interest in the land of his judgment debtor sufficient to enjoy the right to redeem. In granting summary judgment, the trial court found that the prior judgment against Maulding constituted a lien in favor of Loflin against all property that Maulding owned. The trial court held that this lien provided Loflin with "the right to protect his interest in that." Article 4, Section 79 of the Mississippi Constitution states, in pertinent part:

> The right of redemption from all sales of real estate, for the nonpayment of taxes or special assessments, of any and every character whatsoever, shall exist, on conditions to be prescribed by law, in favor of owners and persons interested in such real estate, for a period of not less than two years.

Miss. Const. Art. 4, § 79. The statute makes no mention of a judgment creditor's right of redemption or lack thereof.

¶11. Our case law is equally unavailing. The Mississippi Supreme Court has stated that, "the right given to the owner to redeem is not confined to the owner of the fee, but *any* person who has *any* interest in the land may redeem." *Darrington v. Rose et al.*, 128 Miss. 16, 25, 90 So. 632, 634 (1922) (emphasis added). It has also been declared that "statutes allowing land to be redeemed from tax sales are to be liberally construed in favor of the person seeking to redeem." *Kron v. Van Cleave*, 339 So. 2d 559, 561 (Miss. 1976) (citing *Darrington*, 128 Miss. 16, 90 So. 632). However, the courts of this state have yet to address whether a judgment creditor maintains interest in land sufficient to entitle him with the right to redeem.

¶12. In *Darrington*, the court noted "that any right which in law or equity amounts to the ownership of land, any right of entry on it, or to its possession or enjoyment, gives the owner thereof the right of redemption."

*Darrington*, 128 Miss. at 25, 90 So. at 634. In *Darrington*, however, the party seeking the right of redemption had enjoyed full possession of the subject land, including the rents and income therefrom, for some twelve years prior to the filing of the action, even though he was not the owner of record. *Darrington*, 128 Miss. at 24, 90 So. at 634.

¶13. Many states provide a statutory right of redemption to judgment creditors. *See* Ala. Code § 40-10-120 (1975); Ariz. Rev. Stat. Ann. § 12-1281 (West 2000); Ark. Code Ann. § 16-66-504 (Michie 1999). Some require that a lien first be filed before redemption is allowed. *See* Colo. rev. Stat. Ann. § 38-38-306 (West 2000); Ga. Code Ann. 48-4-40 (2000); Idaho Code § 11-401 (2000). Absent a mandate from our legislature, we are not inclined to hold that one's status as a judgment creditor entitles one to a right to redeem.

¶14. Loflin, as a judgment creditor, had no right of ownership, possession, entry or enjoyment in the subject property. We find that Loflin did not maintain an interest in the subject land sufficient to exercise Maulding's right of redemption. We therefore reverse and remand.

¶15. **THE JUDGMENT OF THE RANKIN COUNTY CHANCERY COURT IS REVERSED AND THE CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.**

**McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE AND CHANDLER, JJ., CONCUR. PAYNE AND IRVING, JJ. CONCUR IN RESULT ONLY.**