GEORGE RICHTER *v.* B. BEAUMONT.

1. TAX TITLE.  *Assessment.  Description.  Understanding of owner.*

An assessment and sale of land for taxes under a proper description cannot be defeated by the mere understanding of the owner that it was part of land given in by him under a different description, according to which the taxes had been paid.

2. SAME.  *Case in judgment.*

But where by a new map of a town a part of a lot known and designated on former public maps as lot 6, is included in lot 7, which is sold for non-payment of taxes, the owner of such part may avoid the sale as to that by proof that in giving in his lot, and paying taxes thereon as lot 6, he intended and understood that such description included said part thereof assessed and sold as being in lot 7, if he had never acted in recognition of the new map, and was not chargeable with notice that the assessor was conforming to it.

3. PRACTICE.  *Motion to exclude evidence.  When granted.*

A motion to exclude all the evidence of a party should be sustained only where it is so plainly and unmistakably insufficient to maintain the issue that if a verdict in favor of such party were rendered thereon, it would be set aside as unwarranted by the evidence.

FROM the circuit court of Wilkinson county.

HON. RALPH NORTH, Judge.

Ejectment by appellee against appellant.  The facts are sufficiently stated in the opinion.  On the trial the plaintiff introduced the deed of the tax-collector to E. H. Beaumont, and from the latter to himself and rested.  The defendant offered the evidence as shown in the opinion all of which was upon the motion of plaintiff, excluded.

The plaintiff had verdict and judgment, and the defendant appeals.

*A. G. Shannon,* for appellant.

The evidence excluded from the jury tended to show an honest effort to pay the taxes on the land for the year 1883, and an actual payment on its valuation under an assessment and description sufficient to prevent its forfeiture for that year. *Dodds* v. *Marx,* 63 Miss. 443.

*D. C. Bramlett,* for appellee.

I do not understand that an honest effort to pay taxes, even if a sufficient amount is tendered, is sufficient to discharge the taxes, unless payment is actually made on the identical land assessed. There is no pretence of payment of taxes on lot 7, as assessed, but an effort to show payment on a part thereof by payment of taxes on a different and distinct lot. The assessment roll of 1883, shows the assessment of lots 6 and 7 separately, and the plat of square 2 containing these lots is shown from corporation maps recognized before 1887, and it is only from this that the assessment of 1883, could have been made. No tax receipt is offered showing any payment on lot 7, and no receipt save one distinctly specifying land as it is described on the assessment roll, shall be valid evidence of payment of taxes. Code 1880, § 516.

CAMPBELL, J., delivered the opinion of the court.

The land sued for as part of lot 7, in a certain square in Woodville, was assessed in 1883, and in 1884 lot 7 was sold for taxes. For several years prior to 1883, a map of Woodville was recognized by the citizens and officials of the town, and the county assessors as the map of the town, but this map was never adopted by an order of the board of aldermen until 1887. By the ancient division of the town and designation of lots, lot six embraced the parcel of land sued for in this action, which parcel is, by the modern map, a part of lot seven. The defendant (appellant), was in 1883, and prior and subsequent thereto, in the actual possession of lot six, and he gave the description of his land to the assessor as lot six, and it was so assessed, he intending and understanding that lot six extended eastward according to the ancient order, so as to include what by the new map is part of lot seven. He paid the taxes on

lot six, and lot seven not being paid on was sold for taxes. It does not appear that the appellant had ever done anything in recognition of the new map, or that he knew that the new map was conformed to by the assessor in assessing lots in Woodville. It may be inferred from the fact of his residence in the town, and the recognition by citizens and officials of the new map, that he was aware of it, and that the assessor was governed by it in assessing. If so, he should not be allowed to defeat the assessment and sale by his secret understanding or purpose. A mental reservation of the owner cannot be permitted to defeat assessment. On the other hand, if, until a recent date, lot six was understood to embrace what by a new map is part of lot seven, and the owner and occupant was governed by the former description in giving it in to the assessor, and did not know, and should not have known, that the assessor would deal with it as designated by the new map, he should not lose his land. The value of the lot, the manner of its enclosure, the description by which it was acquired by the appellant, and his dealing with it might remove all uncertainty as to what would be a legal and just result, but in the absence of such evidence, the question is: should the court have excluded from the jury the evidence for the defendant? We think not, and that it should have left the matter for the jury to determine.

A motion to exclude all the evidence of a party should be sustained only where it is plainly and unmistakably insufficient to maintain the issue.

The true test here is this: had the case been submitted to a jury, and a verdict been rendered for the defendant, would it be set aside as unwarranted by the evidence? While we have a strong suspicion that the defendant is seeking to defeat an assessment and sale of the lot by a secret understanding, he now says, he had at the time of assessment, and that he must have known of the practical adoption by the citizens and officials of the new map, we are not prepared to say we would set aside a verdict found by a jury, properly instructed, in his favor ; and with this view the judgment must be reversed, and the cause remanded for a new trial, when we trust all uncertainty will be removed as to the truth of the case.

*Reversed and remanded.*