Wilkinson *v.* Steele, et al.

In Banc. Nov. 28, 1949

No. 37158   (43 So. (2d) 110)

**Roach & Jones,** and **Satterfield, Ewing & Hedgepeth,** for appellant.

Cowart & Hewitt, and **McGehee & McGehee** and **John E. Stone,** Assistant Attorney General, for appellees.

704

**Roberds, J.**

Wilkinson, who was complainant below, was the owner of the forty acres of land involved in this litigation

when the land sold to the State of Mississippi the first Monday in April, 1935, for delinquent taxes for the year 1934. Appellees, who were respondents to the bill, are the purchaser from the State and those claiming through such purchaser. Wilkinson sought to set aside the sale and the patent and the subsequent conveyances on the grounds (1) the assessor failed to attach to the roll his affidavit as required by Section 9785, Mississippi Code 1942; (2) the advertisement of the sale did not carry the correct initials of the owner; (3) that the patentee, Causey, practiced a fraud upon the State when he procured the patent, and (4) the description upon the assessment roll was insufficient to vest title in a purchaser at the tax sale. The Chancellor dismissed the bill.

As to the lack of affidavit of the assessor, it would be enough to say that the burden was upon complainant to show that fact, and that it is not shown with any degree of certainty. However, Section 9797, said Code, provides that failure of the assessor to attach to the roll his certificate and affidavit "shall not affect the validity of the assessment if approved by the board of supervisors." The record discloses the roll was duly filed with and approved by the supervisors.

The advertisement of the sale of the lands erroneously gave Wilkinson's initials as K. L. instead of R. L. Section 9744, said Code, provides it shall not be necessary to the validity of an assessment or sale of land for taxes that it be assessed to the true owner. And if there be a legal discription it may be assessed to an unknown owner or to any person not the owner. Carr v. Barton, 173 Miss. 662, 162 So. 172.

As to the alleged fraud of patentee, this Court has held that the State alone can raise that question. Jones v. Russell, 187 Miss. 827, 834, 194 So. 290; Reliance Investment Co. v. Johnson, 188 Miss. 227, 193 So. 630, 194 So. 749.

As to the description, this Court cannot say the Chancellor was in error in holding the description legal, for the reason this record contains no proof of the exact description on the assessment roll or in the list of lands sold to the state which the collector filed with the chancery clerk.

The bill purports to incorporate into itself five exhibits, one of which being a copy of the collector's list, but no exhibit whatever appears in the record. Nor is there any proof of the contents of the exhibits except the patent and application therefor. The patent discloses a legal description of the land. The burden was upon complainant to show an invalid description. There being no evidence of the exact description upon the roll and the list, we, of course, cannot say the description was insufficient to support a legal sale, nor can we adjudge the Chancellor in error in holding it sufficient. Even the attorneys in their briefs are not in accord as to the exact description.

It may serve a useful purpose to here observe that where pleading purports to exhibit copies of writings the copies should be actually exhibited (Griffith's Mississippi Chancery Practice, Sec. 193) and that it is the duty of counsel representing litigants on appeals to this court to see that transcribed notes of the court reporter correctly reflect the evidence introduced upon the trial. Section 1641, Mississippi Code 1942.

Affirmed.