339 So.2d 559 (1976)
Donald R. KRON
v.
John M. VAN CLEAVE.
No. 48918.
Supreme Court of Mississippi.
November 23, 1976.
Frank E. Shanahan, Jr., Jackson, for appellant.
J. Boyce Holleman, Gulfport, for appellee.
Before INZER, P.J., SMITH and BROOM, JJ., and WOODROW W. BRAND, Jr., Commissioner.
WOODROW W. BRAND, Jr., Commissioner, for the Court:[1]
This suit was filed in the Chancery Court of Jackson County by the appellant to confirm tax title to the following land situated in the City of Pascagoula, Jackson County, Mississippi:
East Six Acres in the NE Corner of NE 1/4 of NE 1/4, Section 6, Township 8 South, Range 5 West, Jackson County, Mississippi, as particularly described in Deed Book 34 at page 436 in the office of the Chancery Clerk of Jackson County, Pascagoula, Mississippi.
The appellee answered and sought by cross-bill to set aside tax sales conveying subject property to the appellant. The final decree of the chancellor granted the appellee a sixty day period to redeem his title from the City of Pascagoula tax sale, and upon such redemption to have canceled subject tax deeds and subsequent deeds based thereupon.
*560 The appellee, John M. VanCleave, who at the date of the trial was seventy-three years of age, became the record title owner of the land on April 1, 1909. Since then he has continuously paid or had paid County of Jackson and State of Mississippi ad valorem taxes on the land. The appellee resided in Jackson County until moving to his present address at 407 Thayer Street, Little Rock, Arkansas, on June 4, 1948. Shortly after moving, Mrs. Bessie VanCleave, wife of the appellee, wrote the office of the Tax Collector of Jackson County, Mississippi, "To get my tax statements, so they would know my whereabouts." The record reflects that the appellee maintained contact and communicated with the Tax Collector of Jackson County for the purpose of making timely tax payments on the land. It was through this point of contact that the appellee ascertained that the City of Moss Point levied an assessment on subject property for the year 1957 for the Moss Point Municipal Separate School District. The appellee promptly established contact with the tax collector for the City of Moss Point and duly paid school taxes for each year through and including 1964 when the property was inadvertently omitted from the Moss Point tax roll. Upon not receiving a tax statement for the year 1964, the appellee made timely inquiry with reference to the Moss Point school taxes, and it was then that the omission was noted and the appellee was issued a supplemental receipt for the payment of the Moss Point Municipal Separate School District taxes for the year 1964, and further notified that thereafter, all real property tax would be paid to Jackson County.
Mrs. VanCleave testified on direct examination:
Q. Did you pay your taxes each year at Moss Point?
A. Yes ... we surely did.
Q. Did you furnish them your address?
A. Yes ... we certainly did.
Q. And didn't it come a time when you made an inquiry with reference to the Moss Point Taxes?
A. Yes ... in '64 my tax statement was late, and I didn't want it to go delinquent.
Q. What did you do then?
A. They sent me over to the City of Moss Point Separate School District, then they sent me my tax statement. Then, I paid the tax statement in full.
Q. Alright ... what happened after that with reference to Moss Point?
A. They had a note attached to my receipt stating that all real property tax would be paid to Jackson County ... April 1964 ... Tax Department, it was signed.
The City of Pascagoula added subject property to its assessment roll and first assessed same for taxes for the year 1966. To prepare its assessment rolls, the tax assessor of the City of Pascagoula utilized the 1964 tax rolls of the City of Moss Point. It was from this 1964 Moss Point tax roll that the appellee's property was omitted. The record does not reflect the source of information whereby the appellee's property was added to the Pascagoula tax roll, other than to reflect the identical abbreviated description as used both by the Jackson County and City of Moss Point taxing authority. Except as prepared by the Pascagoula assessor, the rolls reflected the address of the appellee to be Pascagoula, Mississippi. The deputy tax assessor and deputy tax collector for the City of Pascagoula testified that it was their policy to search the city directory and city utility department listing to ascertain addresses and if none could be so ascertained, then to search the Pascagoula and New Orleans telephone books. Mrs. Flora Holberg, the Deputy Tax Assessor for the City of Pascagoula, and Mrs. Wanda Ransom, the Assistant Tax Collector for the City of Pascagoula, both testifying for the appellant, stated that it is not the policy of the City of Pascagoula to search the records in the courthouse as a source to obtain a correct address of the taxpayer. On September 18, 1967, Charles Hairston purchased subject property for $67.00 at a City of Pascagoula tax sale for *561 delinquent taxes for the year 1966. On September 16, 1968, Charles Hairston purchased subject property for $58.50 at a City of Pascagoula tax sale for delinquent taxes for the year 1967. On July 18, 1969, the Pascagoula City Clerk mailed notice of maturity for 1967 tax sale to John M. VanCleave, Pascagoula, Mississippi. Return receipt was had on August 24, 1969, marked  "unknown". On December 22, 1969, the Pascagoula City Clerk issued conveyance to Charles Hairston for the 1967 tax sale. On July 15, 1970, the Pascagoula City Clerk mailed notice of maturity of 1968 tax sale to John M. VanCleave, Pascagoula, Mississippi. Return was had on July 21, 1970 marked "unknown". On September 2, 1970, Charles Hairston conveyed subject land by warranty deed to the appellant Donald Kron. On September 17, 1970, the Pascagoula City Clerk issued conveyance to Charles Hairston for 1968 tax sale. On September 23, 1970, the warranty deed from Charles Hairston to Donald R. Kron was filed for record in the office of the Chancery Clerk of Jackson County, Mississippi. On October 5, 1970, the City Clerk of Pascagoula conveyances of 1969 and 1970 to Charles Hairston were filed of record in the office of the Chancery Clerk of Jackson County. On December 4, 1970, the Tax Collector of the City of Pascagoula mailed tax statement for 1970 city taxes to the appellee, John M. VanCleave, 407 Thayer Street, Little Rock, Arkansas. This statement constituted the first actual notice to the appellee that his property was assessed by the City of Pascagoula.
On January 26, 1971, the appellee mailed payment to the City of Pascagoula for the 1970 taxes and in February 1971, the appellee duly made redemption of tax sales for the years 1968 and 1969, which were purchased by other persons. He has thereafter paid City of Pascagoula taxes.
The basic issue before this Court is whether or not the combination of errors by the taxing authorities, if overlooked, would amount to taking of property without due process. It must be noted here that the tax rolls of Jackson County have continuously reflected the full name and address of the appellee since 1948:
 John M. VanCleave
 407 Thayer Street
 Little Rock, Arkansas;
that the tax rolls of Moss Point, Mississippi, reflected the full name and address of the appellee from 1957 through 1963; that the appellee's property, name and address were omitted from the 1964 Moss Point tax rolls; that the year 1964 was the final year for assessment for the Moss Point Municipal Separate School District, which tax was paid only after inquiry by the appellee; and, that Jackson County and Mississippi ad valorem taxes were the only assessment on subject property for the year 1965. In 1963, the Chancery Court of Jackson County, Mississippi, entered its final decree annexing the property into the City of Pascagoula, Mississippi, effective July 1, 1965. All state and county taxes were duly paid by the appellee from 1909 to date.
From the outset this Court has recognized the right of equitable redemption and established the principle that statutes allowing land to be redeemed from tax sales are to be liberally construed in favor of the person seeking to redeem. Darrington v. Rose, 128 Miss. 16, 90 So. 632 (1922).
Although it is incumbent upon taxpayers to be knowledgeable about the assessments on their properties, the law does not require one to do a vain and useless thing. McLain v. Meletio et al., 166 Miss. 1, 147 So. 878 (1933). The facts of that case were that the lands were delinquent for their 1924 ad valorem taxes and on the 6th day of April, 1925, were sold for such taxes and purchased by the state. Part of the lands were in a drainage district; they were delinquent for their drainage taxes for the years 1924 and 1925. On May 4, 1925, they were sold to pay such taxes and were purchased by the commissioners of the drainage district. The lands were not redeemed within two years after such tax sales. The Court in its decision stated that the taxpayer asked the clerk if there were any outstanding tax sales of the land; that the clerk informed him that there were not; *562 the law did not require the taxpayer to make a formal tender; and, that the taxpayer's offer to redeem from any and all tax sales covered sales for drainage assessment taxes as well as ad valorem taxes.
In the case before us, the appellee upon change of residence, gave notice to the Jackson County Tax Collector and gave him his mailing address. The appellee has paid or had paid state and county ad valorem taxes on subject property each year from 1909 until date. He paid school taxes for Moss Point Municipal Separate School District from 1957 until 1964, the year said school assessments ended. He was advised by taxing authority, as the lower court found: "that after 1964 the subject property would no longer be taxed by Moss Point, and thereafter taxes would be paid to Jackson County." Jackson County has had on file and its tax rolls have reflected the appellee's Arkansas address since 1948. The offices of the Tax Assessor-Collector of Jackson County and of the City of Pascagoula are situated across the street from each other.
The law does not require useless things, but it does require diligent search and inquiry by the taxing authority to ascertain the taxpayer's usual address or his post office address. Mississippi Code Annotated § 27-43-3 (1972).
The three taxing authorities  Jackson County, City of Moss Point and City of Pascagoula  although separate offices are nevertheless interrelated functions as the same pertains to a given tract of land and an individual landowner-taxpayer. They collaborated in compiling and preparing their respective tax rolls. The City of Pascagoula relied upon the rolls of the City of Moss Point and the City of Moss Point relied upon the rolls of Jackson County.
Under the facts in this case the failure of the City of Pascagoula to retrieve all pertinent and relevant data from Jackson County on the same tract of land and landowner, constitutes sufficient clerical error as to take away that taxing authority's power to convey title to anyone else. The enrolling of appellee's property by the City on its assessment roll and subsequent sale for non-payment of taxes without mailing notice to the appellee when his usual street and mailing address was readily available across the street at the County Tax Assessor's office is an excuse for non-payment of the tax so as to permit the appellee to redeem his property upon payment of the taxes, damages and interest. The landowner had the right to presume that the information available to one taxing authority would be ascertained by other taxing authority upon any reasonably diligent search and inquiry to ascertain same as it pertained to his property. Compare Williams v. Scott, 251 Miss. 533, 170 So.2d 621 (1965).
As stated in Carmadelle v. Custin, 208 So.2d 51 (Miss. 1968):
There is a combination of errors shown by the testimony in this case committed by the tax gathering authorities which would, if overlooked, amount to the taking of appellees' home without due process of law. (208 So.2d at 54).
The conscience of this Court was stated in Lewis v. Withers, 44 F. 165 (C.C.S.D. Miss. 1890), a case invalidating tax sales, wherein the writer reflected upon a previous decision in favor of the landowner in the case of Richter v. Beaumont, 67 Miss. 285, 7 So. 357 (1889).
This decision is so just that I presume no court will hold to the contrary under a similar state of facts,... To deprive the defendant of the title of this valuable tract of land under the facts stated, to say nothing about the few dollars paid, would certainly be a hardship and wrong, never contemplated by the legislature.
.....
(44 F. at 167).
All statutes must be measured against the due process requirements of the Constitution. The application of the statute itself must be self-executing.
In Pattison v. Clinghan, 93 Miss. 310, 47 So. 503 (1908), the Court held an unjust or unwise purpose in a statute will not be imputed to the Legislature which enacted it *563 when any other reasonable construction is possible.
For the reasons stated this case is affirmed without reaching the constitutional question decided by the chancellor. It is familiar learning that courts will not decide a constitutional question unless it is necessary to do so in order to decide the case.
AFFIRMED.
GILLESPIE, C.J., PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, SUGG, WALKER, BROOM and LEE, JJ., concur.
NOTES
[1] pursuant to Chapter 430, Laws of 1976. The above opinion is adopted as the opinion of the Court.