377 So.2d 924 (1979)
N.F. RAINS a/k/a N.F. Raines, Defendant/Appellant,
v.
Joe D. TEAGUE and D.B. Teague, Complainants/Appellees.
No. 51563.
Supreme Court of Mississippi.
December 19, 1979.
Jason H. Floyd, Gulfport, for defendant/appellant.
Curtis Breland, Edwin C. Hardin, Leakesville, for complainants/appellees.
*925 Before PATTERSON, C.J., and SUGG and COFER, JJ.
PATTERSON, Chief Justice, for the Court:
This is an appeal from a decree of the Chancery Court of Greene County setting aside a tax sale of September 20, 1971, and giving the prior owners sixty days in which to redeem the property, the subject of this suit. We reverse.
On November 8, 1963, Luther and Catherine Turner contracted to sell the southeast one-quarter of the southeast one-quarter of Section 26, Township 4 North, Range 5 West, of Greene County to Joe D. and D.B. Teague, brothers. In accord with their contract, the Turners on June 30, 1970, conveyed the property to the Teagues. For some undisclosed reason this deed was filed in George County on July 30, 1971, and thereafter, on August 12, 1976, was correctly filed in Greene County.
Prior to 1970, the property was assessed to the Teagues, who failed to pay the 1970 and 1971 taxes. On September 20, 1971, C.A. Stuart purchased it at a tax sale for his wife who conducted her business under the name of N.F. Rains or, as she was sometimes designated, N.F. Raines. On November 12, 1975, the chancery clerk of the county conveyed the property to Rains by tax deed which was recorded on September 29, 1976.
On July 20, 1973, some sixty days prior to the expiration date for redemption, the deputy chancery clerk of the county sent notices of redemption to the landowners whose property had been sold at a tax sale. In seeking the Teague brothers' address, the deputy clerk inquired at the tax assessor's office and was advised that their last known address was 2704 Farnell Drive, Mobile, Alabama. The notice to redeem was sent by certified mail to this address, but was returned "Moved, Not Forwardable." The deputy clerk then called directory assistance in Mobile in an unsuccessful attempt to ascertain the address of the brothers.
One of the Teagues paid the 1972 property taxes on March 30, 1973, as evidenced by Tax Receipt No. 2217. This receipt originally bore an address of 2704 Farnell Drive, Mobile, Alabama, but when payment was received in 1973, the tax assessor changed the former address by superimposing on it, "10 Rosewood Park, Lumberton, North Carolina." According to the tax assessor's clerk, this was the usual procedure to alter or "up-date" a landowner's address when a tax payment evidencing a change of residence was received. However, contrary to the usual practice the change in this instance was not noted on the alphabetical index of landowners. Therefore, when the deputy chancery clerk made her inquiry of the tax assessor in July 1973 to ascertain the proper address of the Teague brothers, the tax assessor consulted the master index which revealed the Mobile address, the correct address appearing only in the receipt book. The testimony reveals that Joe Teague had moved to the North Carolina address sometime in the latter part of 1972 and has resided in several localities in that state, as well as others, since his removal from Alabama.
On August 4, 1974, the Teagues for the first time attempted to redeem the property from the 1971 sale. The chancery clerk refused the offer of redemption as tardy.
The Teagues filed a bill of complaint to set aside and cancel the 1971 tax sale. Rains answered and filed a cross bill alleging title to the property was vested in her by virtue of a valid tax sale. In holding the tax sale invalid, the chancellor considered the recorded contract between the Turners and the Teagues insufficient to change the tax assessment. In effect, the court held the county officials had no authority to construe the contract of sale as a conveyance, and absent such the Turners remained the record title holders for tax purposes in Greene County, thereby entitling them to notice even though they had conveyed to the Teagues, this deed being erroneously recorded in George County. Evidently, the court thought notice to the Turners as title holders would have prompted them to redeem or to notify their grantees, the Teagues, of their right to redeem.
*926 Mississippi Code Annotated Section 27-35-1 (1972) provides in part:
And it shall not be necessary to the validity of any assessment, or of a sale of land for taxes that it shall be assessed to its true owner; but the taxes shall be a charge upon the land... .
Thus, when property is properly described, as here, it may be assessed to an unknown person, or to any person though not the owner, and the assessment will nevertheless be legal. Wilkinson v. Steele, 207 Miss. 701, 43 So.2d 110 (1949); Carr v. Barton, 173 Miss. 662, 162 So. 172 (1935). These legal propositions have been uniformly followed by this Court and form the basis of our land taxing procedures. The assessment of ad valorem taxes is an in rem proceeding rather than an in personam proceeding. We consequently think the trial court's decision invalidating the tax sale was erroneous. In reaching this conclusion, we observe the land was perfectly described, correctly assessed, and properly sold. The statutory scheme of taxation was meticulously followed.
On appeal, however, the Teagues contend, as they did below, that they were deprived of their property without due process of law, because they were not given notice of their right to redeem their property. This argument is based upon their belief that a diligent search by the chancery clerk would have revealed their proper address as it was available in the tax assessor's office.
Mississippi Code Annotated section 27-43-3 (1972) concerning notice of tax sale to owners and lienors provides in part:
The clerk shall also mail a copy of same to the reputed owner at his usual street address, if same can be ascertained after diligent search and inquiry, or to his post-office address if only that can be ascertained, and he shall note such action on the tax sales record... . [B]ut a failure to give the notice required by this section shall not affect or render the title void. If the clerk or sheriff shall fail to perform the duties herein prescribed, he shall be liable to the party injured by such default in the penal sum of twenty-five dollars in addition to the actual damages sustained.[1]
As mentioned, the clerk's search for the Teagues' address consisted of consulting the tax assessor's office where the Teagues' former address in Mobile, Alabama was given. After certified mail to that address was returned notifying that the addressee had moved leaving no forwarding address, the clerk inquired of "long distance directory assistance" in Mobile to ascertain the change in address of the Teague brothers, but unfortunately this was unavailing.
In Kron v. Van Cleave, 339 So.2d 559 (Miss. 1976), the record owner, Van Cleave, had owned the property there sold since 1909 as well as having paid the taxes on the property diligently since that date. The taxing authority of Jackson County had his address in Little Rock, Arkansas since 1948. A combination of errors including the omission of the landowner's address from a record following annexation of the taxable property by Pascagoula removed the property from Moss Point's rolls and resulted in the failure to give notice to the landowner when his address was readily available to the Pascagoula and Jackson County taxing authorities had they sought it. We held that a failure to give notice under these circumstances constituted a deprivation of property without due process of law so as to permit the taxpayer to redeem his property upon payment of the taxes, damages and interest.
We are of the opinion the present factual situation is distinguishable from Van Cleave, supra. Here the clerk went to the proper office to ascertain the landowners' address. Upon receiving it, she directed a notice to the address supplied by the tax assessor and, moreover, when the notice was returned, sought further information concerning the present address from directory assistance in Mobile. It is true the clerk did not search the records in the tax assessor's office for the landowners' most *927 recent address and neither did the tax assessor. Had either done so, the 1973 tax receipt would have shown an address in North Carolina where the appellees presumably resided at the time of the 1973 payment, although the brothers, or one of them, lived in several different places within that state at various times.
However, the Teague brothers exerted no effort toward the payment of the 1970 taxes nor made any effort to supply their address so the taxing authorities could notify them of their right of redemption as was done by the taxpayer in Van Cleave. Van Cleave portrays a reasonable effort by a landowner toward the payment of his taxes, while this case portrays a total lack of diligence by the taxpayer. It is incumbent upon a landowner to be knowledgeable about the assessment on his property and to be diligent to make sure that his taxes are paid. Van Cleave, supra; Carmadelle v. Custin, 208 So.2d 51 (Miss. 1968).
We are of the opinion the clerk used reasonable diligence in his effort to ascertain the landowners' address and that Van Cleave, supra, does not have present application. The statutory scheme of taxation and sale were properly followed, in our opinion. The valid sale and the tax deed pursuant to it vested title in the tax purchaser.
REVERSED AND RENDERED.
SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.
NOTES
[1] Amended 1975, Chapter 517, § 2, effective from and after October 1, 1975.