# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2017-CA-01340-SCT

*CAMPBELL PROPERTIES, INC.*

*v.*

*RACHAEL DOWE COOK, AND ANY ALL PERSONS HAVING OR CLAIMING ANY LEGAL OR EQUITABLE INTEREST IN HEREINAFTER DESCRIBED LAND SOLD FOR TAXES ON AUGUST 26, 2013, VIZ: PART OF SECTION 4, TOWNSHIP 18 NORTH, RANGE 5 EAST, WARREN COUNTY, MISSISSIPPI, TAX PARCEL 005 04 999 001300; PPIN 206; DEED BOOK 1422, PAGE 769 LESS AND EXCEPT THE PORTION OF PROPERTY LYING IN SECTION 3, TOWNSHIP 18 NORTH, RANGE 5 EAST OF THE WARREN COUNTY, MISSISSIPPI LAND RECORDS*

| | |
|---|---|
| DATE OF JUDGMENT: | 08/22/2017 |
| TRIAL JUDGE: | HON. VICKI R. BARNES |
| TRIAL COURT ATTORNEYS: | WILLIAM M. BOST, JR. |
| | A. J. "BUDDY" DEES, JR. |
| | KENNETH B. RECTOR |
| COURT FROM WHICH APPEALED: | WARREN COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | KENNETH B. RECTOR |
| ATTORNEYS FOR APPELLEE: | A. J. "BUDDY" DEES, JR. |
| | SARAH CUNNINGHAM McMILLIN |
| NATURE OF THE CASE: | CIVIL - REAL PROPERTY |
| DISPOSITION: | REVERSED AND RENDERED - 12/06/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE WALLER, C.J., MAXWELL AND ISHEE, JJ.**

**MAXWELL, JUSTICE, FOR THE COURT:**

¶1.     When a property owner fails to timely pay his or her property taxes, the county will auction off the property for the amount of unpaid taxes. At that point, the property owner has two years to redeem the property. If he or she fails to do so, the property is forfeited to whoever wins the auction. But for a tax sale to be valid, the chancery clerk must strictly follow Mississippi Code Section 27-43-3's notice requirements. These statutory notice procedures further Mississippi's long-standing policy of protecting landowners from losing property in tax sales.[1] Specifically, the statute mandates that when a clerk is unable to notify the landowner, he or she must diligently search and inquire for a new or different address to provide notice.

¶2.     Here, the property owner failed to timely pay his taxes or to redeem them within two years of the tax sale of his property. The owner objected to the sale, asserting that he was deprived of his property without the statutorily required prior notice. What our review shows is that the chancery clerk's first notice was returned undelivered. At that point, by statute, the clerk was required to diligently search for a different address for the property owner. But despite having another address readily available in the county's land records, no notices were ever mailed to that address before the redemption period ended. Thus, the clerk's search and inquiry did not strictly comply with the statute. We must therefore reverse and render.

<strong>Background Facts and Procedural History</strong>

¶3.     In 2006, Alan Osborne bought fifty acres off Highway 3 in Warren County, Mississippi. In 2012, Osborne failed to timely pay his property taxes. And on August 26,

---

[1] *See* **Reed v. Florimonte**, 987 So. 2d 967, 975 (Miss. 2008).

2013, his property was auctioned off for the unpaid taxes to Rachael Cook. When the redemption period ended on August 26, 2015, Osborne had not redeemed the property. Several days later, Osborne visited the chancery courthouse. While paying property taxes for his employer, Osborne asked about his own property. He was told by a deputy clerk that the redemption period had expired. The clerk's office issued Rachael Cook a tax deed on September 11, 2015, which she filed the same day.

¶4.     Osborne was unable to negotiate a deal with Cook to obtain his once-owned property. So Osborne filed a complaint to set aside the tax sale.[2] In it, he claimed the Warren County sheriff never personally served him nor did he receive any notice by certified mail from the clerk's office. Cook answered and responded with her own counterclaim to confirm title in herself.

¶5.     After Osborne's property was sold at auction, the chancery clerk's office was required to provide him notice—by personal service, certified or registered mail, and by newspaper publication—of when his right to redeem the property would expire. Miss. Code Ann. § 27-43-3 (Rev. 2017). Thus, the clerk's office needed Osborne's physical and mailing addresses. But when the chancery clerk sent a "courtesy notice" to Osborne in February 2015 to 8435 Highway 3, C/O P.O. Box 820258, Vicksburg, MS 39182-0258, the notice was returned to

---

[2] In 2011, Osborne used the Highway 3 property to secure a loan. His employers, Paul and Glenn Campbell, cosigned the note. When Rachael Cook acquired her tax deed in 2015, the Campbells' company, Campbell Properties, Inc., bought the debt from Osborne's lender. By agreed order, Campbell Properties foreclosed on the Highway 3 property and was substituted for Osborne as the plaintiff in this suit. But because Osborne was the record property owner at all relevant times to this suit, we will continue to refer to Osborne as the plaintiff.

3

the clerk's office marked "not deliverable as addressed." Despite this, the clerk continued to use that very same post-office-box address for every subsequent notice that was mailed, certified or otherwise.

¶6.    When the statutory notice sent in March 2015 and personal service by the sheriff were ineffective, the clerk was required by statute to perform a diligent search and inquiry to locate another address for Osborne. The deputy clerk responsible for redemption notices testified that she reviewed the tax collector's records. She also testified that she reviewed court and land records and prior tax sales for Osborne's address. Still, after doing so, the clerk's office continued to send future notices to the same post-office-box address, an address from which the very first notice—the courtesy notice—was returned "not deliverable as addressed." This address was continually used for mailings, though Warren County land records contained a deed of trust filed March 10, 2011, which listed Osborne's address at 8435 Highway 3, Redwood, MS 39156. In fact, the deed conveying the subject property to Osborne listed the correct address for the property as 8435 Highway 3, Redwood, MS 39156. This particular address is also listed in three deeds of trust recorded in the chancery clerk's office before 2015. However, no notices were ever mailed to that address.

¶7.    Even so, the chancellor found that the chancery clerk diligently searched and inquired about Osborne's location and complied with Mississippi Code Section 27-43-3. So the chancellor affirmed the tax sale, confirming title in the Highway 3 property to Rachael Cook. Osborne now appeals.

**Discussion**

4

¶8. Osborne is by no means blameless here and is quite unsympathetic. He frequently failed to pay his property taxes on time. And he did not update his address with the clerk's office. He also gave rather dubious testimony—claiming that he moved from the Highway 3 property the same day the sheriff attempted to serve him. However, this Court has been clear that before the State may deprive a citizen of his or her property, certain statutory requirements and procedures must be met. And compliance with those statutes is strict. Based on the record before us, we must reverse. While the chancery clerk did take certain steps to locate Osborne, the clerk continued to use the post-office-box address from which the very first notice had been returned as "not deliverable as addressed." This was done even though another address for Osborne was readily attainable in court filings. Thus, we find a diligent search and inquiry was not conducted as required by the statute. We therefore reverse and render.

## I.    Standard of Review

¶9. We will not disturb a chancellor's findings unless they are manifestly wrong, clearly erroneous, or apply the wrong legal standard. *McNeil v. Hester*, 753 So. 2d 1057, 1063 (Miss. 2000). We review questions of law de novo. *Id.*

## II.    Diligent Search and Inquiry

¶10. Osborne's complaint is that the clerk was not diligent in the search and inquiry. He points out that notices were sent to his post-office box and not to the Highway 3 address. And he further argues that his correct Highway 3 address—which furthermore was wrongly identified as being in Vicksburg instead of nearby Redwood—was easily discoverable from

5

a recent deed of trust in the county's land records.  We agree.

¶11.    When an owner fails to pay his or her taxes, their property is auctioned off. Mississippi Code Section 27-43-3 sets out the notice requirements and steps the clerk must take to try to notify landowners their property will be forfeited unless redeemed.[3]  A

[3] Miss. Code Ann. § 27-43-3 states, in full,

The clerk shall issue the notice to the sheriff of the county of the reputed owner's residence, if he is a resident of the State of Mississippi, and the sheriff shall be required to serve notice as follows:

(a) Upon the reputed owner personally, if he can be found in the county after diligent search and inquiry, by handing him a true copy of the notice;

(b) If the reputed owner cannot be found in the county after diligent search and inquiry, then by leaving a true copy of the notice at his usual place of abode with the spouse of the reputed owner or some other person who lives at his usual place of abode above the age of sixteen (16) years, and willing to receive the copy of the notice; or

(c) If the reputed owner cannot be found after diligent search and inquiry, and if no person above the age of sixteen (16) years who lives at his usual place of abode can be found at his usual place of abode who is willing to receive the copy of the notice, then by posting a true copy of the notice on a door of the reputed owner's usual place of abode.

The sheriff shall make his return to the chancery clerk issuing the notice. The clerk shall also mail a copy of the notice to the reputed owner at his usual street address, if it can be ascertained after diligent search and inquiry, or to his post-office address if only that can be ascertained, and he shall note such action on the tax sales record. The clerk shall also be required to publish the name and address of the reputed owner of the property and the legal description of the property in a public newspaper of the county in which the land is located, or if no newspaper is published as such, then in a newspaper having a general circulation in the county. The publication shall be made at least forty-five (45) days prior to the expiration of the redemption period.

If the reputed owner is a nonresident of the State of Mississippi, then the clerk shall mail a copy of the notice to the reputed owner in the same manner as set out in this section for notice to a resident of the State of Mississippi, except that notice served by the sheriff shall not be required.

Notice by mail shall be by registered or certified mail. In the event the notice by mail is returned undelivered and the notice as required in this section to be served by the sheriff is returned not found, then the clerk shall make further search and inquiry to ascertain the reputed owner's street and post-office address. If the reputed owner's street or post-office address is ascertained after the additional search and inquiry, the clerk shall again issue notice as set out in this section. If notice is again issued and it is again returned not found and if notice by mail is again returned undelivered, then the clerk shall file an affidavit to that effect and shall specify in the affidavit the acts of search and inquiry made by him in an effort to ascertain the reputed owner's street and post-office address and the affidavit shall be retained as a permanent record in the office of the clerk and that action shall be noted on the tax sales record. If the clerk is still unable to ascertain the reputed owner's street or post-office address after making search and inquiry for the second time, then it shall not be necessary to issue any additional notice but the clerk shall file an affidavit specifying the acts of search and inquiry made by him in an effort to ascertain the reputed owner's street and post-office address and the affidavit shall be retained as a permanent record in the office of the clerk and that action shall be noted on the tax sale record.

For examining the records to ascertain the record owner of the property, the clerk shall be allowed a fee of Fifty Dollars ($50.00); for issuing the notice the clerk shall be allowed a fee of Two Dollars ($2.00) and, for mailing the notice and noting that action on the tax sales record, a fee of One Dollar ($1.00); and for serving the notice, the sheriff shall be allowed a fee of Thirty-five Dollars ($35.00). For issuing a second notice, the clerk shall be allowed a fee of Five Dollars ($5.00) and, for mailing the notice and noting that action on the tax sales record, a fee of Two Dollars and Fifty Cents ($2.50), and for serving the second notice, the sheriff shall be allowed a fee of Thirty-five Dollars ($35.00). The clerk shall also be allowed the actual cost of publication. The fees and cost shall be taxed against the owner of the land if the land is redeemed, and if not redeemed, then the fees are to be taxed as part of the cost against the purchaser. The failure of the landowner to actually receive the notice herein required shall not render the title void, provided the clerk and sheriff have complied with the duties prescribed for them in this section.

landowner has two years from the date of the tax auction to redeem their property. Miss. Code Ann. § 27-45-3 (Rev. 2017). Section 27-43-3 requires redemption notices to be given by personal service, certified or registered mail, and by appropriate newspaper publication. *DeWeese Nelson Realty, Inc. v. Equity Servs. Co.*, 502 So. 2d 310, 312 (Miss. 1986). If personal service is not obtained and certified mail is returned undelivered, the clerk must then make a diligent "search and inquiry" to locate the record landowner. Miss. Code Ann. § 27-43-3. The clerk must file an affidavit documenting the specific search and inquiry undertaken and must keep the affidavit as a permanent record. *Id.*

¶12. This Court has held that "[s]tatutes dealing with land forfeitures for delinquent taxes should be strictly construed in favor of the landowners. Any deviation from the statutorily mandated procedure renders the sale void." *Reed v. Florimonte*, 987 So. 2d 967, 973 (Miss. 2008) (quoting *Roach v. Goebel*, 856 So. 2d 711, 716 (Miss. Ct. App. 2003) (internal citations and quotation marks omitted)). Mississippi's public policy is to protect landowners from losing property in tax sales. *Id.* at 975.

¶13. The deputy chancery clerk responsible for sending Osborne notices and conducting searches, testified at trial. And she explained that she keeps a record of her actions and searches in a workbook. These records are later transcribed to a form affidavit, which here were attested to by another deputy clerk. But the initial clerk maintained that she had examined "everything that [she had] access to," including recently recorded deeds, a phone

---

Should the clerk inadvertently fail to send notice as prescribed in this section, then the sale shall be void and the clerk shall not be liable to the purchaser or owner upon refund of all purchase money paid.

8

directory, court and clerk records, and tax collector records.

¶14. While Osborne also takes issue with what he claims are incomplete and noncompliant affidavits—affidavits that were either largely blank or signed after the redemption period had ended—we need not address the affidavits here. Rather, we focus on the records the deputy clerk had access to. When courtesy notices to delinquent property owners were sent in February 2015, the specific notice to Osborne was returned as undeliverable. Rather than note that the 8435 Highway 3, C/O P.O. Box 820258, Vicksburg, MS 39182-0258 address was a bad address, the clerk instead continued to use this post-office-box address for *every* subsequent notice to Osborne. But the county land records showed several deeds, and a March 10, 2011 deed of trust with Osborne's address listed as 8435 Highway 3, Redwood, MS 39156. This was easily discoverable. Yet the clerk made no attempt to send notice by certified mail to that address. Thus, after review, we find the required search and inquiry was not diligent as required by the statute. *See Hart v. Catoe*, 390 So. 2d 1001, 1002 (Miss. 1980) (clerk's search and inquiry was not diligent when owner's name and address were readily available in public records but were unused by the clerk's office). *See also Roach*, 856 So. 2d at 716 (clerk's search and inquiry was not diligent when a homestead application and corresponding address were available but unused by clerk's office).

¶15. There is testimony that a deputy chancery clerk personally handed Osborne a certified notice that had been returned to the clerk's office, and the record shows that Osborne did sign the return receipt. But putting aside the conflicting testimony over *when* Osborne signed the return receipt and whether he actually *received* the notice, the fact remains that the statute

9

does not allow service in this manner. Rather, the statute dictates that notices be sent by certified or registered mail. We recognize this is a hard-line approach, but the redemption-notice statute must be followed strictly. *Reed*, 987 So. 2d at 973. Because it was not here, we must reverse and render the chancellor's judgment affirming the tax sale.

## Conclusion

¶16.    A deed of trust in the county land records listed a different address for Osborne than the one used by the chancery clerk's office for redemption notices. This record was readily available. So when redemption notices were returned to the clerk's office undelivered and marked "not deliverable as addressed," a diligent search and inquiry would have revealed the different address. Thus, the search and inquiry was not diligent as required by statute. We must therefore reverse the chancellor's judgment affirming the tax sale and confirming title in Rachael Cook and render a judgment in Osborne's[4] favor, setting aside the tax sale as void.

¶17.    **REVERSED AND RENDERED.**

**WALLER, C.J., RANDOLPH AND KITCHENS, P.JJ., KING, COLEMAN, BEAM, CHAMBERLIN AND ISHEE, JJ., CONCUR.**

---

[4] *See supra* note 2.

10