# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CA-00906-COA

**CHRISTIANA TRUST AS CUSTODIAN GSRAN-Z LLC DEPOSIT ACCOUNT**                                    **APPELLANT**

**v.**

**MEGAN A. CIOTA**                                                                                     **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 05/24/2018 |
| TRIAL JUDGE: | HON. JENNIFER T. SCHLOEGEL |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CHANCERY COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEYS FOR APPELLANT: | WILLIAM ALEX BRADY II MICHELLE ELIZABETH LUBER |
| ATTORNEY FOR APPELLEE: | LEWIE G. "SKIP" NEGROTTO IV |
| NATURE OF THE CASE: | CIVIL - REAL PROPERTY |
| DISPOSITION: | AFFIRMED IN PART AND REMANDED IN PART - 11/05/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE CARLTON, P.J., GREENLEE AND TINDELL, JJ.

### CARLTON, P.J., FOR THE COURT:

¶1.     Christiana Trust[1] as Custodian GSRAN-Z LLC Deposit Account (Christiana Trust) appeals the Harrison County Chancery Court's order voiding its tax-sale purchase of real property.  On appeal, Christiana Trust argues that the chancery clerk's notice by publication met the statutory requirements of Mississippi Code Annotated section 27-43-3 (Rev. 2017).  Christiana Trust asserts that the chancellor therefore erred in voiding the tax sale and setting

---

[1] There is very little information in the record regarding Christiana Trust or GSRAN-Z LLC, but it is clear that Christiana Trust is a business entity.

aside the chancery clerk's conveyance to Christiana Trust.

¶2.     After our review, we find that the chancery clerk's notice by publication failed to strictly comply with the statutory requirements of section 27-43-3.  We therefore affirm the chancellor's judgment voiding the tax sale and setting aside the chancery clerk's conveyance to Christiana Trust, and we remand the issue of statutory damages for further proceedings consistent with this opinion.

**FACTS**

¶3.     DDD Properties LLC executed a warranty deed conveying the real property located at 116 Poplar Point, Pass Christian, Mississippi, to Christopher B. Schultz and his wife, Megan A. Ciota.[2]  The warranty deed lists Schultz and Ciota as "Christopher B. Schultz and wife, Megan A. Ciota."  However, the Real Property Tax Rolls for Harrison County lists Schultz and Ciota as "Schultz Christopher B & Megan A C."

¶4.     Schultz and Ciota failed to pay ad valorem taxes on the property for the 2013 tax year.  As a result, Christiana Trust acquired the property at a tax sale held on August 25, 2014.  After a landowner's property is sold at a tax sale, section 27-43-3 requires the chancery clerk to notify the landowner that her property will be forfeited unless redeemed.  Section 27-43-3 sets forth that such redemption notice must be provided by the following methods: (1) personal service, (2) certified or registered mail, *and* (3) appropriate newspaper publication.  *Campbell Props. Inc. v. Cook*, 258 So. 3d 273, 277 (¶11) (Miss. 2018).

¶5.     The record reflects that Ciota is a Louisiana resident.  On March 31, 2016, the

---

[2] Schultz and Ciota are now divorced, and Schultz is not a party to this appeal.

chancery clerk sent Ciota a notice of forfeiture via certified mail to her New Orleans address.[3] The notice was addressed to "Schultz Megan A C." The record shows that Ciota received and signed for this notice on April 2, 2016. The chancery clerk also published notice of forfeiture in the Sun Herald newspaper in the name of "Schultz Christopher B & Megan A C." Per the requirements set forth in section 27-43-3, the notice mailed to Ciota and the notice by publication contained a legal description of the land.

¶6.     Ciota failed to redeem the property within the statutory period. *See* Miss. Code Ann. § 27-45-3 (Rev. 2017) (owner may redeem land sold for taxes at any time within two years after the day of sale by paying the chancery clerk the amount of the taxes for which the land was sold). On October 21, 2016, after the redemption period expired, the chancery clerk executed an instrument conveying the subject property to Christiana Trust.

¶7.     On November 18, 2016, Christiana Trust filed a complaint to quiet and confirm title to the property. Ciota was served with process by certified mail at her residence in Louisiana on December 12, 2016. After Ciota failed to file a timely answer or appear, Christiana Trust

---

[3] The chancellor's May 24, 2018 order also reflects the following facts:

> On March 31, 2016, the [chancery clerk] mailed Defendant Ciota's notice of forfeiture to her at [an address in] Pass Christian, MS . . . . That mail was returned to the [chancery clerk] stamped "Return to Sender. Unclaimed. Unable to forward." Also, on March 31, 2016, another notice was mailed by the [chancery clerk] via certified mail return receipt to [an address in] New Orleans, LA . . . which was received by Ciota. A subsequent certified mailing was sent to Defendant Ciota at the [New Orleans] address but was returned to the [chancery clerk] stamped "Return to Sender. Unable to Forward."

However, the record before us only contains the verification from the United States Postal Service showing that on April 2, 2016, Ciota signed for the notice mailed to her New Orleans address.

3

obtained a clerk's entry of default against Ciota pursuant to Mississippi Rule of Civil Procedure 55(a). On January 16, 2017, Christiana Trust filed a motion for a default judgment against Ciota.

¶8. On April 21, 2017, Ciota filed her answer and counterclaim seeking to set aside the tax sale. Christiana Trust moved to strike Ciota's responsive pleadings as untimely. Ciota then filed a motion to set aside the clerk's entry of default.

¶9. In her motion to set aside the entry of default, Ciota asserted that on June 9, 2016, she mailed a check in the amount of $10,400 to the Harrison County Tax Collector in an attempt to redeem her 2013 and 2014 taxes. Ciota stated that the tax collector returned her check rather than forwarding it to the chancery clerk. Ciota attached to her motion the check for $10,400 and a letter from the tax collector explaining that he was returning her check because she owed money for her 2013 taxes. The letter stated that the tax collector could not accept payment for the 2014 taxes until Ciota paid her 2013 taxes in the chancery clerk's office. The letter also directed Ciota to contact the chancery clerk's office.

¶10. On July 11, 2017, Ciota filed a motion for a declaratory judgment and a motion for summary judgment. In her motion for a declaratory judgment, Ciota sought a declaration from the chancery court stating that no statutory interest would accrue after June 9, 2016 (the date that Ciota mailed a check to the tax collector "to redeem her property"). Alternatively, Ciota sought a declaration that no statutory interest would accrue after June 12, 2017 (the date that Ciota's attorney "sent a letter to [Christiana Trust's] counsel providing payment in an amount sufficient to pay for statutory interest accrued as of June 2017"). In her motion

4

for summary judgment, Ciota argued that the chancery clerk failed to provide her with proper statutory notice and that Ciota made a good faith effort to redeem her property prior to the end of the redemption period.

¶11. On October 16, 2017, the chancellor entered an order granting Ciota's motion to set aside the entry of default and denying Ciota's motion for summary judgment. The chancellor acknowledged that "there is no Mississippi case law directly on point, [therefore] this Court also considered United States Supreme Court precedent regarding sufficiency of summons where the name incorporated into [a] summons varies from a party's actual name and persuasive authority from other jurisdictions . . . ." The chancellor ultimately ruled that the published and mailed notices at issue were valid, explaining as follows:

> [T]he [c]ourt finds that the manner of identifying [Ciota] in notice mailed to her via certified mail satisfies the statutory requirements, and this conclusion is supported by case law cited by [Christiana Trust] and relied upon to find identification of reputed owners in published notice to be sufficient as well. The rule of strict compliance with statutes governing tax sales does not preclude this result.

¶12. On October 25, 2017, Ciota filed a motion to alter or amend the judgment. In her motion, Ciota argued that the chancery clerk failed to properly publish Ciota's name as required by section 27-43-3; therefore, she maintained that the tax sale is void ab initio. Prior to the expiration of the time of redemption, the chancery clerk is required to issue notice to the record owner and reputed owner. Ciota asserted that her name "is not Schultz Christopher B & Megan A C[,] as incorrectly listed by the tax assessor and improperly repeated by the [chancery clerk]," and she reasoned the chancery clerk failed to strictly comply with the requirements of section 27-43-3.

5

¶13.    After a hearing, the chancellor determined that the publication notice to Ciota failed to meet the statutory requirements of section 27-43-3.  On May 24, 2018, the chancellor entered an order granting Ciota's motion to alter and amend the judgment.  In her order, the chancellor found that Schultz and Ciota were the record owners/reputed owners of the subject property, as evidenced by the deed vesting title.  However, the chancery clerk published notice to Ciota as "Megan A C," instead of "Megan A. Ciota," the name listed in the deed vesting title.  The chancellor cited section 27-43-3 and explained that in addition to the requirement of the chancery clerk to issue notice to the record owner of the land sold,

> [t]he clerk shall also be required to publish the name and address of the reputed owner of the property and the legal description of the property in a public newspaper of the county in which the land is located, or if no newspaper is published as such, then in a newspaper having a general circulation in the county.

The chancellor recognized that "Mississippi has consistently held that the statutory requirements for notice to owners according to [section] 27-43-3 must be strictly construed in favor of landowners. . . .  Any deviation from the statutorily mandated procedure renders the sale void."

¶14.    The chancellor further held that "[i]t was error for the [c]hancery [c]lerk to publish for [Ciota] by relying on records from the Harrison County Tax Assessor and not searching his own land records to determine the record owner as required by authority cited hereinabove."  The chancellor accordingly granted Ciota's motion for summary judgment, voided the August 25, 2014 tax sale, and set aside the chancery clerk's conveyance.

¶15.    Christiana Trust now appeals the following judgments entered by the chancellor:  the

6

October 16, 2017 order granting Ciota's motion to set aside the chancery clerk's entry of default; the October 16, 2017 order denying Christiana Trust's motion to strike and its motion for a default judgment; and the May 24, 2018 order granting Ciota's motion to alter or amend the judgment and granting Ciota's motion for summary judgment.

## STANDARD OF REVIEW

¶16. We apply a de novo standard when reviewing a trial court's grant or denial of a motion for summary judgment. In so doing, we examine all evidence "in the light most favorable to the party against whom the motion was made." *Cleveland v. Deutche Bank Nat. Tr. Co.*, 207 So. 3d 710, 714 (¶16) (Miss. Ct. App. 2016). "[I]f the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law[,]" then the trial court shall grant summary judgment. *City of Horn Lake v. Sass Muni-V LLC*, 268 So. 3d 514, 517 (¶9) (Miss. 2018) (quoting M.R.C.P. 56(c)).

¶17. We review a trial court's grant of a Mississippi Rule of Civil Procedure 59 motion to alter or amend for an abuse of discretion. *Freeman v. CLC of Biloxi LLC*, 119 So. 3d 1164, 1167 (¶10) (Miss. Ct. App. 2013). This Court will not reverse a trial court's grant of a Rule 59 motion "absent an abuse of discretion or if allowing the judgment to stand would result in a miscarriage of justice." *Id.*

¶18. On appeal, "we maintain a limited review of a chancellor's findings of fact." *Cleveland*, 207 So. 3d at 714 (¶17) (internal quotation mark omitted). "We will not reverse

7

the factual findings of the chancellor when supported by substantial evidence unless the Court can say that the findings are manifestly wrong, clearly erroneous, or amount to an abuse of discretion." *Id*.

**DISCUSSION**

¶19.    Christiana Trust argues that chancery clerk strictly complied with the statutory notice requirements pertaining to tax sales and redemption periods.[4] Christiana Trust maintains that the alleged error in Ciota's name is not a deviation from the statutorily mandated procedures. Christiana Trust therefore asserts that the chancellor erred in granting Ciota's motion for summary judgment and in voiding the tax sale.

¶20.    Christiana Trust submits that according to the Real Property Tax Rolls for the years 2011 through 2016, the reputed owners of the subject property were listed as "Schultz Christopher B & Megan A C"; therefore, the chancery clerk properly mailed notice to Ciota via certified mail addressed to "Schultz Megan A C." The record reflects that on April 2, 2016, Ciota received and signed for the notice provided by certified mail.

¶21.    Christiana Trust further maintains that Ciota was sufficiently noticed by publication in the Sun Herald newspaper. The publication by notice listed the landowners as "Schultz Christopher B & Megan A C" and set forth a description of the property at issue.

¶22.    Ciota argues, however, that Mississippi public policy strives to protect the landowners

---

[4] Christiana Trust also submits that the chancery clerk provided notice to Ciota within the statutory time period. Neither party has raised the issue of the timeliness of the redemption-period notice; the only issue before us is whether publishing notice and sending notice by certified mail to "Megan A. C." rather than Megan A. Ciota complied with the requirements of section 27-43-3.

8

and not those who are simply assessed taxes on property. Ciota therefore maintains that, based on public policy, Mississippi Code Annotated sections 27-43-1 (Rev. 2017) and 27-43-3 require that notice be provided to the property owner—not to the person to whom the taxes are assessed or whose name is listed on the tax rolls.

¶23.    Sections 27-43-1 and 27-43-3 set forth the guidelines for providing notice to property owners of the impending expiration of the redemption period for real property that has been sold for delinquent taxes. Section 27-43-1 states that the chancery court clerk

> shall, within one hundred eighty (180) days and not less than sixty (60) days prior to the expiration of the time of redemption with respect to land sold . . . be required to issue notice to *the record owner of the land sold* as of one hundred eighty (180) days prior to the expiration of the time of redemption.

(Emphasis added). Summarizing the portion of section 27-43-3 relevant to this appeal, the statute requires the chancery clerk to issue redemption notice of the tax sale *to the reputed owner of the real property* by the following methods: "(1) by personal notice as summons issued from the courts are served, (2) by mail at his usual street address, and (3) by publication in a public newspaper of the county in which the land is located."[5] *Rebuild Am. Inc. v. Norris*, 64 So. 3d 480, 481 (¶3) (Miss. 2011) (internal quotation marks omitted) (emphasis added). "If personal service is not obtained and certified mail is returned undelivered, the clerk must then make a diligent 'search and inquiry' to locate the record landowner." *Campbell Props.*, 258 So. 3d at 277 (¶11). Regarding the notice by publication

---

[5] As stated, the record reflects that Ciota is a resident of Lousiana. Section 27-43-3 provides that "[i]f the reputed owner is a nonresident of the State of Mississippi, then the clerk shall mail a copy of the notice to the reputed owner in the same manner as set out in this section for notice to a resident of the State of Mississippi, except that notice served by the sheriff shall not be required."

requirement, section 27-43-3 specifies that the chancery clerk must publish the name and address of the reputed owner of the property and the legal description of the property in a public newspaper having a general circulation in the county in which the land is located. Section 27-43-3 further provides that "[s]hould the clerk inadvertently fail to send notice as prescribed in this section, then the sale shall be void and the clerk shall not be liable to the purchaser or owner upon refund of all purchase money paid."

¶24.    The Mississippi Supreme Court has set forth that "Mississippi's public policy is to protect landowners from losing property in tax sales." *Campbell Props.*, 258 So. 3d at 277 (¶12).  The supreme court accordingly clarified that "statutes dealing with land forfeitures for delinquent taxes should be strictly construed in favor of the landowners." *Id*.  Our appellate courts "have interpreted [s]ection 27-43-3 to mean that failure to comply strictly with the notice requirements renders the purchaser's tax deed void, with no legal effect, and not simply voidable." *City of Horn Lake*, 268 So. 3d at 518 (¶13).  Stated otherwise, "a tax sale that does not meet the requirements of [s]ection 27-43-3 is void ab initio." *Id*.; *see also Campbell Props*., 258 So. 3d at 277 (¶12) ("Any deviation from the statutorily mandated procedure renders the sale void.").  However, we also recognize that "[i]t is incumbent upon a landowner to be knowledgeable about the assessment on his property and to be diligent to make sure that his taxes are paid." *Rains v. Teague*, 377 So. 2d 924, 927 (Miss. 1979).

¶25.    In support of its argument that the tax sale herein was valid and that notice was proper, Christiana Trust cites *Wilkinson v. Steele*, 207 Miss. 701, 705, 43 So. 2d 110, 111 (1949).  In *Wilkinson*, the appellant contended that a tax sale was void because the incorrect

10

name of the land owner appeared in the advertisement of sale. *Id*. The supreme court agreed that the tax sale advertisement erroneously gave the appellant's initials; however, the Court found that the language of the Mississippi Code at that time provided that "it shall not be necessary to the validity of an assessment or sale of land for taxes that it be assessed to the true owner. And if there be a legal description it may be assessed to an unknown owner or to any person not the owner." *Id*. Christiana Trust asserts that under Mississippi Code Annotated section 27-35-1(1) and *Rains*, 377 So. 2d at 926, "when property that is properly described, as here, it may be assessed to an unknown person, or to any person though not the owner, and the assessment will nevertheless be legal." In *Rains*, the supreme court explained that "[t]he assessment of ad valorem taxes is an in rem proceeding rather than an in personam proceeding." *Id*.

¶26. The record reflects that Ciota received and signed for the notice sent via certified mail to "Schultz Megan A C" at Ciota's New Orleans address. However, our supreme court has held that if section 27-43-3 is not strictly followed—even where a property owner does receive notice of the redemption period—the tax sale is void. *Campbell Props.*, 258 So. 3d at 278 (¶15). In *Campbell Properties*, the property owner failed to timely pay his property taxes or redeem them within two years of the tax sale. *Id*. at 274 (¶2). The property owner argued that the chancery clerk failed to provide him with statutorily required notice of the redemption period pursuant to section 27-43-3. *Id*. The supreme court found that the chancery clerk sent notice to the property owner, but the notice was returned and marked "not deliverable as addressed." *Id*. at 275 (¶5). Nevertheless, the chancery clerk continued to

11

mail subsequent notice to that same address. *Id*.

¶27. Upon review, the supreme court found that the county land records contained a deed of trust with the property owner's correct address, which "was easily discoverable." *Id*. at 277 (¶14). The supreme court therefore determined that the chancery clerk "was not diligent in the search and inquiry" as required by section 27-43-3. *Id*. Furthermore, the supreme court determined that although "a deputy chancery clerk personally handed [the property owner] a certified notice that had been returned to the clerk's office, and the record shows that [the property owner] did sign the return receipt, . . . the fact remains that the statute does not allow service in this manner." *Id*. at 278 (¶15). The supreme court acknowledged that it was applying "a hard-line approach" and reiterated that "the redemption-notice statute must be followed strictly." *Id*. The supreme court accordingly reversed and rendered the chancellor's judgment affirming the tax sale. *Id*.

¶28. As stated, in the present case, the chancery clerk published notice to Ciota as "Schultz Megan A C" instead of "Megan A. Ciota," the name listed in the deed vesting title. Sections 27-43-1 and 27-43-3 require the chancery court clerk to provide notice to the record and reputed owner of the land. Upon our review, and in applying precedent, we find that the redemption-notice statute was not strictly followed. As a result, the tax sale in the present case was void. We therefore affirm the chancellor's judgment granting Ciota's motion for summary judgment voiding the August 25, 2014 tax sale and setting aside the chancery clerk's conveyance issued to Christiana Trust.

¶29. We further find that Christiana Trust is entitled to damages under Mississippi Code

12

Annotated section 27-45-3 (Rev. 2017), which provides that the landowner/redeemer

> may redeem . . . by paying to the chancery clerk, regardless of the amount of the purchaser's bid at the tax sale, the amount of all taxes for which the land was sold, with all costs incident to the sale, and five percent (5%) damages on the amount of taxes for which the land was sold, and interest on all such taxes and costs at the rate of one and one-half percent . . . per month, or any fractional part thereof, from the date of such sale, and all costs that have accrued on the land since the sale, with interest thereon from the date such costs shall have accrued, at the rate of one and one-half percent . . . per month, or any fractional part thereof . . . .

¶30.    In *Lawrence v. Rankin*, 870 So. 2d 673, 676-77 (¶¶19-22) (Miss. Ct. App. 2004), this Court reversed the chancellor's award of damages to a tax-sale purchaser after finding that the award failed to conform to the amount of taxes, interest, and damages owed under section 27-45-3.  On remand, this Court instructed the chancellor to calculate the amount of taxes due, plus interest and damages, and to order the landowner/redeemer to pay that sum to the tax-sale purchaser.  *Id*. at 677 (¶21).  We therefore remand the issue of damages and instruct the chancellor to (1) calculate the amount of statutory damages and (2) order Ciota to pay that amount to Christiana Trust.

¶31.    **AFFIRMED IN PART AND REMANDED IN PART.**

**BARNES, C.J., GREENLEE, WESTBROOKS, TINDELL, McDONALD, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR.  J. WILSON, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**